**UNITED STATES of America,**
**Plaintiff–Respondent,**

v.

**Vincent EDWARDS, Defendant–**
**Petitioner.**

No. 1:88–CR–199.

United States District Court,
N.D. Ohio,
Eastern Division.

Jan. 6, 1999.

Ronald Bakeman, U.S. Atty., Cleveland, OH, for Plaintiff.

Kent Minshall, Cleveland, OH, for Defendant.

## OPINION AND ORDER

GWIN, District Judge.

On May 27, 1998, Defendant-petitioner Vincent Edwards filed a petition for a writ of error *coram nobis* [Doc. 42]. In his petition, Petitioner Edwards claims that this Court made substantial errors when it imposed a sentence of 210 months imprisonment for possession with intent to distribute "cocaine base (crack)," violating 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). On December 28, 1998, the United States filed a motion to dismiss Edwards' petition for a writ of *coram nobis* [Doc. 43].

In support of his petition, Edwards says insufficient evidence supported this Court's determination that Edwards possessed cocaine base (crack), rather than cocaine powder. Petitioner Edwards also asserts that insufficient evidence supported this Court's determination that Edwards was a career offender.

For the reasons that follow, the Court denies Edwards' petition for a writ of *coram nobis*. The Court grants the United States' motion to dismiss.

## I. Background of 1988 case and proceedings

On June 2, 1988, law-enforcement officers arrested Petitioner Edwards after a search of his home. The officers arrested Edwards after finding 29.2 grams of cocaine base, 442.58 grams of powder cocaine, steels, cutting agents, baking soda, and other materials at his home.

Edwards filed a motion to suppress materials seized in the search of his home. On January 20, 1988, this district court denied this motion to suppress.[1]

After this Court denied Edwards' motion to suppress, Edwards pled guilty to count two of the indictment. The United States then dismissed count one of the indictment. As part of the plea agreement, the government also agreed not to prosecute the Petitioner for the cocaine base found at his home, agreed to dismiss charges against co-defendants, agreed to recommend a two-level reduction in the defendants' offense level for acceptance of responsibility, and agreed not to take any position regarding the sentence the Edwards then faced in a pending Florida drug case.

In his Rule 11 exchange with Petitioner, the district judge told Edwards that his sentence guideline range would be 210 to 262 months. After being advised of his rights, the

---

1. Then Judge Thomas Lambros presided.

Petitioner pled guilty to count two of the indictment.

After receiving the plea of guilty, the district court sentenced the Petitioner to 210 months of imprisonment. With this sentence, the district court gave Edwards the lowest sentence within the range described to the Petitioner before his plea of guilty.

On January 27, 1989, Edwards filed a notice of appeal to the United States Court of Appeals for the Sixth Circuit. In his appeal, Edwards claimed that the district court improperly sentenced him as a career offender. Edwards also claimed that the district court improperly included drugs not specified within count two of the indictment in determining his criminal offense level. In an unpublished opinion, the United States Court of Appeals for the Sixth Circuit affirmed Petitioner Edwards' sentence of 210 months.

After nearly 10 years, the Petitioner now files this petition for a writ of *coram nobis.*

## II. Discussion of standing

■ Petitioner Edwards brings this petition under 28 U.S.C. § 1651, the All Writs Act. In his petition, Edwards seeks a writ of *coram nobis.* The writ of error *coram nobis* is an extraordinary writ and the jurisdiction of the court to grant such relief is of limited scope. See, e.g., *United States v. Norman,* 391 F.2d 212 (6th Cir.), *cert. denied,* 390 U.S. 1014, 88 S.Ct. 1265; 20 L.Ed.2d 163 (1968). *Coram nobis* is only available to correct errors of the most fundamental character, where the circumstances are compelling, and to achieve justice.

Formerly, *coram nobis* was normally available only when the petitioner was no longer in federal custody. See *United States v. Brown,* 413 F.2d 878 (9th Cir.1969), *cert. denied,* 397 U.S. 947, 90 S.Ct. 965, 25 L.Ed.2d 127 (1970). This was because a petitioner still in federal custody could seek habeas corpus relief by petition under 28 U.S.C.A. § 2255.

In 1996, Congress amended 28 U.S.C. § 2255. With these amendments, Congress required application under § 2255 to be filed within one year. Pub.L. 104–132, § 105.[2] Formerly, 28 U.S.C. § 2255 contained no statute of limitations. With this change in limitation periods, § 2255 no longer permits Petitioner Edwards to seek review under its provision.

■ This Court has a limited scope of review of a challenged judgment on a petition for writ of error *coram nobis. Norman,* 391 F.2d at 213. "Under *coram nobis* the court reviews errors of fact committed in the original proceeding which are 'of the most fundamental character, that is, such as rendered the proceeding itself invalid.'" *Flippins v. United States,* 747 F.2d 1089, 1091 (6th Cir.), *cert. denied,* 481 U.S. 1056, 107 S.Ct. 2197, 95 L.Ed.2d 852 (1987) (quoting *United States v. Mayer,* 235 U.S. 55, 69, 35 S.Ct. 16, 59 L.Ed. 129 (1914)); *United States v. Friedman,* 7 F.3d 235 (6th Cir.1993) (TABLE) (per curiam), *cert. denied,* 510 U.S. 1165, 114 S.Ct. 1191, 127 L.Ed.2d 541 (1994).

■ As applied to criminal cases, the writ was used to raise claims that were not apparent from the face of the record and understandably not raised at trial. *United States v. Keane,* 852 F.2d 199 (7th Cir.1988), *cert. denied,* 490 U.S. 1084, 109 S.Ct. 2109, 104 L.Ed.2d 670 (1989). "The writ of error *coram nobis* is limited to defects that sap the proceeding of any validity. It was and is not a device to relitigate issues fully ventilated at the time of the conviction." *Id.* at 203 (citations omitted).

---

2. 28 U.S.C. § 2255, provides, in part:
A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

■ Because frequent use of such a writ would discard the benefits of finality, it has been reserved for compelling events. Claims that could have been raised by direct appeal are outside the scope of the writ. *Mayer,* 235 U.S. at 69, 35 S.Ct. 16; *Hunter v. United States,* 160 F.3d 1109, 1114 (6th Cir.1998).

In *Blanton v. United States,* 94 F.3d 227 (6th Cir.1996), the Sixth Circuit required that a petition for *coram nobis* show the following: (1) that an error of fact occurred; (2) that the error was unknown at the time of trial; and (3) that the error was of such a fundamentally unjust character that probably would have altered the outcome of the challenged proceeding if it had been known. *Id.* at 231.

Petitioner Edwards now seeks review of issues that this court could have addressed at the time of sentencing and that Edwards could have appealed pursuant to 18 U.S.C. §§ 3557 and 3742. Edwards seeks review of matters that were subject to habeas corpus review pursuant to 28 U.S.C. § 2255.

### III. Discussion

#### A. Claim concerning career offender status

Petitioner Edwards' arguments fail to show right to issuance of a writ of *coram nobis.* The issuance of a writ of *coram nobis* is extremely circumscribed.

■ As for Petitioner Edwards' claim that the sentencing court improperly found that he was a career offender, Edwards raised this issue to the Sixth Circuit. Before the Sixth Circuit, Edwards argued "that the district court incorrectly found that he is a career offender under section 4B1.1 of the Sentencing Guidelines." The Sixth Circuit denied this claim of error.

The courts generally have recognized that matters previously considered on direct appeal from a prisoner's conviction cannot be reconsidered by either a § 2255 motion, or a petition for a writ of *coram nobis* unless the petition shows that after the direct appeal, there is a change in the law applicable to the matter that was at issue at the time of the direct appeal. *Davis v. United States,* 417 U.S. 333, 341, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974); *Oliver v. United States,* 90 F.3d 177,

179 (6th Cir.1996). The Sixth Circuit described this in *Keener v. Ridenour,* 594 F.2d 581 (6th Cir.1979):

> Post-conviction collateral action, in the form of habeas corpus *coram nobis,* or under a unified statutory system of post-conviction relief, is intended to allow judicial review of fundamental issues not considered in a prior proceeding.

*Id.* at 589.

Likewise, courts will refuse to consider matters a party could have raised on direct appeal, but were not. In *Barnickel v. United States,* 113 F.3d 704 (7th Cir.1997), the Seventh Circuit Court of Appeals described this:

> We hasten to add, however, that *coram nobis* is itself an extraordinary remedy, which (like habeas corpus) cannot be used to reach issues that could have been raised by direct appeal ...

*Id.* at 706.

Here, Petitioner Edwards litigated whether the district court improperly sentenced him as a career offender. Having shown no change of law or unavailability of evidence to make this claim, Edwards' argument fails.

■ Even if the decision of the Sixth Circuit did not stop Petitioner Edwards from presenting his claim, this claim does not have merit. In making his claim that he was not a career offender, Edwards argues that the district court improperly included a juvenile conviction as a crime of violence for purposes of career offender status. In that juvenile conviction, Edwards received a sentence of one year and one day plus ninety days as a probation violator. In that juvenile case, Edwards received a total sentence of one year and three months that qualifies as a crime of violence for career offender status under Sentencing Guideline § 4B1.1.

#### B. Claim concerning whether cocaine base was involved

Alternatively, Edwards claims that insufficient evidence supports this district court's finding that the substance possessed by Edwards was cocaine base. 21 U.S.C. § 841(b) specifies a 100:1 penalty ratio for sentences of cocaine powder and all "cocaine base." The

guidelines create an identical ratio but specifies that cocaine base means "crack," a particular form of cocaine base that is "usually prepared by processing cocaine hydrochloride and sodium bicarbonate, and usually appearing in a lumpy, rocklike form." (U.S.S.G. § 2D1.1, notes to drug quantity table (D)).[3]

■ As discussed above, Edwards defaulted on his right to challenge his conviction on this issue. He could, but did not, raise this issue to the Sixth Circuit. Having failed to prosecute this issue despite knowledge of all facts that could support a challenge, he cannot now make this claim. He is not entitled to a writ of *coram nobis.*

■ Even if he had not defaulted on his right to raise this issue, the evidence supports this court's finding that Petitioner possessed cocaine base. The petitioner entered a guilty plea to count two of the indictment. That count states that "Vincent Edwards did knowingly and intentionally possess with the intent to distribute approximately 29.9 grams of a mixture or substance containing a detectable amount of cocaine base (crack), a Schedule II narcotic drug controlled substance." Petitioner Edwards pled guilty to this and by that acknowledged its truth.

Petitioner Edwards also did not object to the pre-sentence report that found he had possessed with intent to distribute 29.9 grams of "cocaine base (crack)." See *United States v. West,* 125 F.3d 856 (6th Cir.1997) (TABLE) (pleading guilty to indictment that charged conspiracy to distribute "cocaine base, commonly referred to [as] crack," and mention of crack in presentence report, sufficient for court to hold Petitioner accountable for the cocaine base guidelines), *cert. denied,* — U.S. —, 118 S.Ct. 1092, 140 L.Ed.2d 148 (1998).

■ Beyond Edwards' acknowledgment in his plea agreement that he possessed cocaine base, other evidence shows that cocaine base was involved. The Government shows evidence that at the time of his arrest, Edwards possessed cocaine base, cocaine powder, baking soda, pots for mixing the cocaine powder, baking soda and water, a microwave oven to heat the solution, and scales. Even if Petitioner Edwards had not acknowledged his possession of cocaine base in his plea and acknowledgment of the accuracy of the presentence report, this evidence establishes that the substance seized was in fact crack as defined by the guidelines.

The Court therefore finds that Petitioner Edwards fails to show right to a writ of *coram nobis* from the district court's application of the sentencing guideline for cocaine base, crack cocaine.

Based on the above, Petitioner's claim that this Court should not hold him accountable for possession with intent to distribute crack is without merit.

### IV. Conclusion

For these reasons, the Court grants the Respondent United State's motion to dismiss Petitioner Edwards' petition for a writ of *coram nobis.*

IT IS SO ORDERED.

---

3. Section 2D1.1, Note(D) says:
"Cocaine Base" for the purposes of this guideline, means "crack". "Crack" is the street name for a form of cocaine base, usually prepared by processing cocaine hydrochloride and sodium bicarbonate, and usually appearing in a lumpy, rocklike form.