In the
United States Court of Appeals
For the Seventh Circuit

No. 01-1733

Billy Ray Ashley,

Petitioner-Appellant,

v.

United States of America,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Illinois.
No. 00-4261-JPG--J. Phil Gilbert, Judge.

Submitted August 14, 2001--Decided September 12, 2001

   Before Bauer, Easterbrook, and Diane P.
Wood, Circuit Judges.

   Easterbrook, Circuit Judge.   Shortly after
the Supreme Court decided Apprendi v. New
Jersey, 530 U.S. 466 (2000), Billy Ashley
filed with this court an application for
leave to commence a collateral attack.
That request was dismissed because it
appeared to be unnecessary: Ashley had
not filed a previous collateral attack,
so he did not need our permission. He
then turned to the district court, which
dismissed as untimely his motion under 28
U.S.C. sec.2255. Ashley's conviction
became final before April 24, 1996, the
effective date of the Antiterrorism and
Effective Death Penalty Act, which
created a one-year limitations period for
collateral attacks. See United States v.
Ashley, 54 F.3d 311 (7th Cir. 1995). Thus
Ashley had a year from the aedpa's
adoption to get a collateral attack under
way. See Lindh v. Murphy, 96 F.3d 856,
866 (7th Cir. 1996) (en banc), reversed
on other grounds, 521 U.S. 320 (1997).
Yet this collateral attack was not
commenced until August 28, 2000, when
Ashley sought our permission (that filing
date was carried to the district court).
The district court dismissed it as time-
barred and declined to issue a
certificate of appealability.

   Paragraph 6 of sec.2255 provides:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

The district court treated subparagraph (1) as the applicable limit and rejected Ashley's argument that his application is timely under subparagraph (3) because filed within a year of Apprendi. No one could doubt that Apprendi "newly" or "initially" recognizes a constitutional right. Apprendi caused this court to overrule numerous cases, a sign that something novel occurred. See United States v. Nance, 236 F.3d 820 (7th Cir. 2000). Nonetheless, the district court held, until the Supreme Court itself declares that a new decision applies retroactively on collateral review, subparagraph (3) does not open a new filing window for prisoners.

   In reaching this decision, the district court drew on opinions holding that an appellate court may authorize a second or successive application under sec.2255 para.8(2) (federal prisoners) or sec.2244(b)(2)(A) (state prisoners) only if the Supreme Court itself has made the retroactivity decision. See Tyler v. Cain, 121 S. Ct. 2478 (2001). Declaring para.8(2) functionally identical to para.6(3), the district court held that the same approach governs both.

   Yet the two provisions differ. (As do 28

U.S.C. sec.2244(b) (3)(D) and (b)(2)(A), the comparable provisions for state prisoners.) According to para.8(2), a court of appeals may authorize a second or successive application if it would rest on:

a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Paragraph 6(3), by contrast, restarts the time on:

the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]

An initial petition may be filed within a year of a decision that is "made retroactively applicable to cases on collateral review[.]" A second petition, by contrast, depends on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court" (emphasis added). Both statutes make it clear that only the Supreme Court may issue the new decision. But who decides whether that new decision applies retroactively? The first formulation ("made retroactive") leaves that question open. The second formulation ("made retroactive . . . by the Supreme Court") answers it. To treat the first formulation as identical to the second is not faithful to the difference in language. By omitting the restriction contained in para.8(2), para.6(3) implies that courts of appeals and district courts may "make" the retroactivity decision. Tyler concludes that the word "made" in para.8(2) means "held." 121 S. Ct. at 2483. District and appellate courts, no less than the Supreme Court, may issue opinions "holding" that a decision applies retroactively to cases on collateral review. The jurisdictional (and precedential) scope of that holding differs, but it is a holding nonetheless.

At least three reasons justify the difference between para.6(3) and para.8(2). First, permitting a district or appellate court to make the retroactivity decision for an initial petition may be essential to put the

question before the Supreme Court for final resolution. How else would a retroactivity question get before the Supreme Court so that it could make the decision that would in turn authorize second or successive petitions? Second, as the Supreme Court emphasized in Tyler, 121 S. Ct. at 2483, a court of appeals has only 30 days to decide whether a second or successive petition may be filed. Shortness of time implies a mechanical process; all the court need do is look up an answer in the United States Reports. No such time limit attends an initial petition for collateral review, so courts have time to apply the retroactivity criteria in Teague v. Lane, 489 U.S. 288 (1989), to novel decisions of the Supreme Court. Third, the conditions for filing successive petitions are substantively as well as procedurally more restrictive; having had one full opportunity to wage a collateral attack, the prisoner cannot demand another on the same terms. Yet on the district court's view it is as hard to launch an initial collateral attack as a subsequent one.

There remains the requirement that some court make the decision retroactive. The one year to file under para.6(3) begins, not on the date of the Supreme Court's decision newly recognizing a constitutional right, but on the date that decision is "made retroactive". Otherwise para.6(3) is a mirage, for retroactivity decisions often come more than a year after opinions newly recognizing constitutional rights. Although this question has occasioned disagreement among the courts of appeals, see United States v. Lloyd, 188 F.3d 184, 188 n.10 (3d Cir. 1999) (collecting cases), the cases holding that the time starts from the Supreme Court's decision, rather than from the date that decision is held to be retroactive, do not explain how this leaves any work for para.6(3) to do given the inevitable gap between the main decision and the retroactivity decision. One can imagine a serious problem in the application of para.6(3) if, for example, the ninth circuit should declare a given decision retroactive on January 15 of a given year, while the seventh circuit declares it retroactive on July 15 of that year. Does the year run from January 15 or July 15? The latter is more sensible: Having time run from a retroactivity decision made by the

court with territorial jurisdiction produces certainty in application. But what of the first case? This circuit has not decided whether Apprendi applies retroactively on collateral review. Three courts of appeals have held that it does not. United States v. Moss, 252 F.3d 993 (8th Cir. 2001); United States v. Sanders, 247 F.3d 139, 146-51 (4th Cir. 2001); Jones v. Smith, 231 F.3d 1227 (9th Cir. 2000). None has held it retroactive on collateral attack.

Right after Apprendi appeared, no court anywhere in the country had had a chance to decide whether it was retroactive. Are only prisoners whose convictions became final in the year before Apprendi eligible to seek such a declaration, with everyone else queued up until a court in the prisoner's state has held that the Supreme Court's decision is retroactive? Nothing in sec.2255 para.6(3) or sec.2244(b)(2)(A) precludes an application asking the district court itself to hold that a new decision applies retroactively under the principles of Teague. The timeliness of such a petition would depend on resolution of the retroactivity question. Just as a district court possesses jurisdiction to determine its own jurisdiction, it must possess the authority to determine a precondition to the timeliness of an action. This is common in civil litigation. An employment-discrimination suit is timely only if a charge of discrimination was filed with the eeoc. A district judge may decide whether this was properly done, and thus determine whether the suit was timely. So too with retroactivity: A district judge may determine whether a novel decision of the Supreme Court applies retroactively, and thus whether a collateral attack is timely under sec.2244(b)(2)(A) or sec.2255 para.6(3).

Having reached this conclusion, we must acknowledge that the district court's contrary view has some support. Indeed, it has the support of Montenegro v. United States, 248 F.3d 585, 593-94 (7th Cir. 2001), on which the ink is barely dry. We said in Montenegro almost exactly what the district judge said here: that para.6(3) and para.8(2) should be read identically. What we did not do is say why. On the very date that Montenegro was issued, a panel of the fifth circuit

held, to the contrary, that para.6(3) differs from para.8(2) in allowing district and appellate courts to make the retroactivity decision. United States v. Lopez, 248 F.3d 427, 431-32 (5th Cir. 2001). So we have a conflict among the circuits, which will disappear if we overrule this portion of Montenegro. Overruling such a recent case is an unusual step, but a conflict created on a single day (with each circuit in ignorance of the other's views) also is unusual. Our decision not only failed to grapple with the reasons given in Lopez, on which we have elaborated above, but also was issued before the Supreme Court released Tyler, the definitive interpretation of para.8(2). As we have observed, strands of the analysis in Tyler counsel against equating para.6(3) and para.8(2). New considerations, such as those in Lopez and Tyler, are the best reasons to revisit a decision--especially if in the process we can end a conflict among the circuits. See, e.g., United States v. Carlos-Colmenares, 253 F.3d 276 (7th Cir. 2001). We do so now and overrule Part III of Montenegro./*

The district court dismissed Ashley's petition as untimely without reaching a conclusion about whether Apprendi applies retroactively to collateral attacks. We therefore issue a certificate of appealability, for given Apprendi the underlying constitutional claim must be deemed "substantial" for purposes of 28 U.S.C. sec.2253(c)(2). See Slack v. McDaniel, 529 U.S. 473, 483-85 (2000). We remand so that the retroactivity decision may be made, or at least considered. Perhaps it will prove to be unnecessary. The papers filed in this court do not reveal whether Ashley, who was convicted of conspiracy to distribute crack cocaine, would be entitled to relief under Apprendi even if that decision should be applied retroactively. Unless his sentence exceeds 20 years, or 30 years if he has a prior drug conviction, there is no constitutional problem in the first place. See Talbott v. Indiana, 226 F.3d 866 (7th Cir. 2000); United States v. Brough, 243 F.3d 1078 (7th Cir. 2001). Moreover, unless Ashley can justify his failure to raise the question on direct appeal by demonstrating cause and prejudice, the retroactivity of Apprendi does not matter. See United States v. Smith, 241 F.3d 546, rehearing en banc

denied, 250 F.3d 1073 (7th Cir. 2001); Garrott v. United States, 238 F.3d 903 (7th Cir. 2001). Accord, Sanders, 247 F.3d at 144-46. But the resolution of these issues belongs to the district court, for they depend on facts that are not in the appellate record.

Vacated and Remanded

FOOTNOTE

/* This opinion was circulated among the court's active judges before release. See Circuit Rule 40(e). None of the judges favored a hearing en banc.