**Jerry E. BENHAM, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

No. 01–1612.

United States Court of Appeals, Seventh Circuit.

Submitted Dec. 18, 2001.*

Decided Dec. 19, 2001.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before POSNER, MANION, and ROVNER, Circuit Judges.

## ORDER

The district court denied Jerry Earl Benham's motion to vacate his sentence under 28 U.S.C. § 2255 on grounds that the motion was barred by the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996. The district court, however, granted Benham a certificate of appealability to address whether *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), provides a basis for an initial § 2255 motion that would otherwise be time-barred. We affirm.

In January 1996 Benham pleaded guilty to one count of possession with intent to distribute approximately 95 grams of amphetamine in violation of 21 U.S.C. § 841(a)(1) and one count of possession of a firearm by a felon in violation of 18 U.S.C. § 922(g). In determining the applicable guideline sentencing range, the district court considered Benham's conduct relevant to the amphetamine offense. *See*

U.S.S.G. § 1B1.3. The court found that in connection with that offense Benham was involved in distributing a larger quantity of amphetamine as well as methamphetamine and marijuana totaling the marijuana equivalent of 47.796 kilograms. Based on that determination the court increased Benham's base offense level under the guidelines from 26 to 38. *See* U.S.S.G. § 2D1.1(c)(1). After the court adjusted for acceptance of responsibility. Benham had an offense level of 35 and a criminal history category of III, which yielded a guideline imprisonment range of 210 to 262 months. On May 10, 1996, the court sentenced Benham to 210 months' imprisonment. Because he did not appeal, his conviction became final on that date.

More than four years later, on January 26, 2001. Benham filed a collateral attack under § 2255, arguing that his sentence violated the rule announced by the Supreme Court in *Apprendi,* and that his motion was timely because it was filed within a year of that decision. Indeed, a federal prisoner may commence a first collateral attack under § 2255 within a year of a new rule of constitutional law recognized by the Supreme Court and "made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255 ¶ 6(3). The district court, relying on our decision in *Talbott v. Indiana,* 226 F.3d 866 (7th Cir. 2000), held that Benham's motion was time-barred because the Supreme Court itself had not made *Apprendi* retroactive to cases on collateral review. The court recognized that *Talbott* addressed the retroactivity exceptions for second or successive collateral attacks under 28 U.S.C. § 2244(b)(2)(A) and 2255 ¶ 8(2), but reasoned that the statutory language analyzed in that case is virtually identical to the retroactivity exception set forth in § 2255 ¶ 6(3) for untimely initial motions. Accordingly, the district court concluded that

it lacked jurisdiction to consider Benham's motion.

■ The government now seeks to have Benham's appeal dismissed for lack of jurisdiction. But shortly after the district court ruled, we addressed the retroactivity exception under § 2255 ¶ 6(3) and held that, unlike in the case of a successive petition, a district court's jurisdiction to consider an untimely initial motion is not dependent upon the Supreme Court making *Apprendi* retroactive. *See Ashley v. United States*, 266 F.3d 671, 673 (7th Cir. 2001). That is because, we explained, the retroactivity exceptions for successive collateral attacks under § 2244(b)(2)(A) and 2255 ¶ 8(2) explicitly require that the new rule be made retroactive "by the Supreme Court"; § 2255 ¶ 6(3), by contrast, omits that language. *Id.* at 673. A district court therefore has jurisdiction to "make" the retroactivity decision when determining whether an initial collateral attack would otherwise be time-barred. *Id.* at 673. Like the district court in *Ashley*, the district court here dismissed Benham's petition as untimely without reaching its own conclusion about whether *Apprendi* applies retroactively to collateral attacks. In *Ashley* we remanded the case to the district court to make that determination. *Id.* at 674. But remand is unnecessary here if Benham's *Apprendi* argument would fail irrespective of the district court's retroactivity determination. *See id.; see also Brannigan v. United States*, 249 F.3d 584, 587 (7th Cir.2001) ("[W]hen an argument invoking *Apprendi* would fail even if that case turns out to be fully retroactive, we deny it on the merits in order to forestall a further round of litigation").

■ *Apprendi* holds that "[o]ther than the fact of a prior conviction any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to the jury, and proved beyond a reasonable doubt." 530 U.S. at 490. Benham claims that his sentence violated that rule because it was increased based on the district court's speculation that he distributed larger quantities of amphetamine and other drugs that were not charged in the indictment. True, the district court significantly increased Benham's base offense level under the Sentencing Guidelines (from level 26 to 38) based on its relevant-conduct finding. But *Apprendi* requires only that drug type and quantity be set forth in the indictment and proven beyond a reasonable doubt *if* the sentence imposed exceeds a default statutory maximum. *United States v. Williams*, 238 F.3d 871, 876–77 (7th Cir. 2001); *United States v. Jones*, 245 F.3d 645, 650–51 (7th Cir.2001); *see also United States v. Westmoreland*, 240 F.3d 618, 636 (7th Cir.2001) (consistent with *Apprendi*, "[s]entencing judges may look to the conduct surrounding the offense of conviction in fashioning an appropriate sentence, regardless of whether the defendant was ever charged with or convicted of that conduct" as long as the defendant's sentence is not increased beyond the prescribed statutory maximum (quotation omitted)); *Talbott*, 226 F.3d at 869 ("*Apprendi* does not affect application of the relevant-conduct rules under the Sentencing Guidelines to sentences that fall within a statutory cap."). Benham's sentence did not exceed the prescribed statutory maximum. He was convicted of possession with intent to distribute 95 grams of amphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a). The lowest statutory maximum sentence for a violation of § 841(a) when a Schedule II controlled substance is involved is twenty years. *See* 21 U.S.C. § 841(b)(1)(C). Benham was sentenced to a term of seventeen years and six months, and so he could not have a viable *Apprendi* claim.

Benham argues that *Apprendi* nonetheless applies because the lowest statutory

maximum sentence for his offense was not twenty years but five. That is because, he says, amphetamine is listed in 21 U.S.C. § 812 as a Schedule III substance and not a Schedule II substance. Indeed, amphetamine was identified as a Schedule III substance in 1970 when the Comprehensive Drug Abuse Prevention and Control Act, 21 U.S.C. § 801, *et seq.*, was enacted. *See* 21 U.S.C. § 812(c) sch. III(a)(1). The Act, however, expressly authorized the Attorney General to add or remove substances, or move substances from one schedule to another according to the procedures specified in the statute. *See Touby v. United States,* 500 U.S. 160, 162, 111 S.Ct. 1752, 114 L.Ed.2d 219 (1991); *see also* 21 U.S.C. § 811(a). In 1974 the Attorney General properly moved amphetamine from Schedule III to Schedule II. *see United States v. White,* 560 F.2d 787, 788–89 (7th Cir.1977), where it has remained ever since, *see* 21 C.F.R. § 1308.12(d)(1). Accordingly, the lowest statutory maximum penalty for violations of § 841(a) involving amphetamine was increased from five to twenty years. And because Benham's sentence fell within that twenty-year cap, his *Apprendi* claim fails. *See Talbott,* 226 F.3d at 869 ("[w]hen a drug dealer is sentenced to less than 20 years' imprisonment–the limit under 21 U.S.C. § 841(b)(1)(C) for even small-scale dealing in Schedule I and II controlled substances … *Apprendi* is irrelevant.").

The government's motion to dismiss this appeal for lack of jurisdiction is DENIED, and the judgment of the district court is AFFIRMED.