**Dennis E. SPEROW, Petitioner,**

v.

**Jonathon R. WALLS, Warden of the Menard Correctional Center, Respondent.[1]**

**No. 01–3217.**

United States District Court, C.D. Illinois, Springfield Division.

Jan. 28, 2002.

---

1. In his § 2254 petition, Petitioner names Donald S. Young, the warden of the Shawnee Correctional Center, and the Attorney General for the State of Illinois, as Respondents. Pursuant to Rule 2(a) of the Rules Governing 28 U.S.C. § 2254, the petition shall name "the state officer having custody of the applicant ... as respondent." Accordingly, the Attorney General for the State of Illinois is dismissed as a party to this action. *Hogan v.*

*Hanks*, 97 F.3d 189, 190 (7th Cir.1996). In addition, since the filing of his petition, Petitioner has been transferred to the Menard Correctional Center. Therefore, Jonathon R. Walls, the warden of the Menard Correctional Center, is the proper respondent to this suit, and therefore, the Court hereby substitutes him as Respondent in this case for Donald S. Young. Fed. R. Civ. Pro. 25(c).

Dennis E. Sperow, Menard, IL, Pro se.

Margaret M. O'Connell, Office of Attorney General, Chicago, IL, for Respondent.

## OPINION

RICHARD MILLS, District Judge.

"When *I* use a word," Humpty Dumpty said in rather a scornful tone, "it means what I choose it to mean—neither more nor less."

"The question is," said Alice, "whether you *can* make words mean so many different things."

"The question is," said Humpty Dumpty, "which is to be master—that's all."

> Lewis Carroll, *Alice's Adventures in Wonderland and Through the Looking Glass* 238 (Grosset & Dunlap, Publishers)(1946).

The orders of a court are not mere suggestions for the parties' consideration.

When the Court orders a respondent to file an *answer* pursuant to Rule 5 of the Rules Governing § 2254 cases, the Court expects to receive an answer-not a *motion to dismiss.*

## I. BACKGROUND [2]

Title 28 U.S.C. § 2254(e)(1) requires federal courts to give deference to the factual determinations made by all state courts whether the findings be made by trial or appellate courts. *Sumner v. Mata*, 449 U.S. 539, 546–47, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981). Therefore, the Court's factual findings are based upon the facts as stated in the Illinois Appellate Court for the Fourth District's order. *See People v. Sperow*, 170 Ill.App.3d 800, 525 N.E.2d 223, 121 Ill.Dec. 417 (1988). Petitioner does not challenge the facts as set forth in the Illinois Appellate Court's order.

On December 18, 1986, a jury found Petitioner guilty of murder, aggravated battery, aggravated unlawful restraint, and obstruction of justice. *Id.* at 802, 525 N.E.2d at 224, 121 Ill.Dec. at 418. On January 16, 1987, the trial court denied Petitioner's post-trial motion and sentenced him to concurrent terms of imprisonment of sixty years for his murder conviction, five years for his aggravated battery conviction, four years for his unlawful restraint conviction, and one year for his obstructing justice conviction. *Id.* On June 16, 1988, the Illinois Appellate Court for the Fourth District affirmed Petitioner's convictions and sentences. *Id.* 813, 525 N.E.2d at 232, 121 Ill.Dec. at 426. On October 6, 1988, the Illinois Supreme Court denied Petitioner's petition for leave to appeal. *People v. Sperow*, 122 Ill.2d 589, 530 N.E.2d 259, 125 Ill. Dec. 231 (Ill.1988).

On August 17, 1988, Petitioner filed a post-conviction petition which the trial court dismissed on June 5, 1991. However, on April 23, 1992, the Illinois Appellate Court of the Fourth District reversed the trial court's ruling and remanded the case. *People v. Sperow*, 226 Ill.App.3d 1115, 645 N.E.2d 1084, 206 Ill.Dec. 832 (1992). On remand, the trial court conducted an evidentiary hearing and again denied Petitioner's post-conviction petition. On September 21, 1995, the Illinois Appellate Court affirmed the trial court's denial of Petitioner's amended post-conviction petition. *People v. Sperow*, 274 Ill.App.3d 1126, 691 N.E.2d 1207, 229 Ill.Dec. 484 (1995). On October 2, 1996, the Illinois Supreme Court denied Petitioner's *pro se* petition for leave to appeal. *People v. Sperow*, 168 Ill.2d 618, 671 N.E.2d 741, 219 Ill.Dec. 574 (Ill.1996). On May 1, 2001, Petitioner filed the instant petition under 28 U.S.C. § 2254 for a writ of habeas corpus.[3]

## II. PETITIONER'S CLAIMS

Petitioner raises eight grounds upon which to base his § 2254 petition:

*First*, Petitioner argues that the United States Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), renders his convictions and sentences unconstitutional.

*Second*, Petitioner asserts that the State presented improper victim impact evidence

---

2. Upon review of the pleadings and all of the exhibits, the Court concludes that an evidentiary hearing is not required. Pursuant to Rule 8 of the Rules Governing § 2254 cases, the Court will dispose of this petition based solely on the parties' submissions.

3. Petitioner's § 2254 petition bears a July 10, 2001, file stamp date by the Clerk of the Court for the United States District Court for the

Southern District of Illinois (the case was subsequently transferred to this Court). However, Petitioner signed his petition on May 1, 2001, and Respondent has asserted in his motion to dismiss that Petitioner filed his § 2254 petition on May 1, 2001. Accordingly, May 1, 2001, is the date upon which the Court will deem Petitioner's § 2254 petition to have been filed.

to the jury which violated his Sixth Amendment right to a fair trial.

*Third,* Petitioner contends that the State knowingly presented perjured testimony to the jury in violation of his right to a fair trial.

*Fourth,* Petitioner claims that he received ineffective assistance of counsel in violation of his Sixth Amendment rights.

*Fifth,* Petitioner argues that he was denied a fair trial because prospective jurors may have seen him in an orange jumpsuit and shackles.

*Sixth,* Petitioner asserts that his conviction for "misdemeanor murder" is void because it is a non-existent crime.

*Seventh,* Petitioner contends that his conviction for obstructing justice is void due to defects in the charging instrument.

*Eighth,* Petitioner claims that his convictions for aggravated battery and aggravated unlawful restraint are void due to the prosecutor's misstatements of law to the jury.

## III. ANALYSIS

■ On July 24, 2001, the Court ordered Respondent to respond, pursuant to Rule 5 of the Rules Governing § 2254 cases, to Petitioner's petition. Instead of complying with the Court's Order, Respondent chose to file a motion to dismiss Petitioner's petition. Therein, Respondent asked the Court for leave to file an answer to Petitioner's petition if the Court denies his motion to dismiss.

Respondent's course of action was inappropriate. When the Court orders a party or his counsel to do something, the Court fully expects that party and his counsel to do it. The Court says what it means and means what it says. Parties are not allowed to offer something other than what

the Court ordered (here a response pursuant to Rule 5 of the Rules Governing § 2254 cases) and then to ask leave to file what the Court originally requested if the Court does not like what the party has offered in the alternative. When the Court orders an answer pursuant to Rule 5, it expects to receive an answer pursuant to Rule 5, not a motion to dismiss.[4] *See Ukawabutu v. Morton,* 997 F.Supp. 605, 608–09 (D.N.J.1998)(holding that the proper response to a habeas corpus petition is an answer prepared in accordance with habeas corpus rules and that a motion to dismiss is appropriate only if, in its discretion, the district court directs or permits the respondent to file such a motion, either before or after filing of answer); *see also Chavez v. Morgan,* 932 F.Supp. 1152, 1153 (E.D.Wis.1996)(same); *see also United States ex rel. Martin v. Chrans,* 1986 WL 7076 (N.D.Ill. June 11, 1986)(same).

The Court is particularly troubled by Respondent's course of actions for two reasons. *First,* this is not the first time that this Court has advised the Illinois Attorney General's Office that filing a motion to dismiss, when instructed by the Court to file an Answer, is improper. *E.g., Snyder v. Dobucki,* No. 98–3016, (C.D.Ill. Aug. 19, 1998). *Second,* because Respondent filed a motion to dismiss, he failed to address certain claims by Petitioner which may not be time barred. As such, Respondent has provided a disservice to the Court by failing to analyze and bring to the Court's attention applicable case law.

■ Nevertheless, Respondent's motion to dismiss is well-taken as to some of Petitioner's claims. Title 28 U.S.C. § 2244(d)(1) provides:

A–1 year period of limitation shall apply to an application for a writ of habeas

---

**4.** This does not, of course, mean that Respondent cannot raise the statute of limitations defense. It simply means that Respondent should have done so in his answer pursuant to Rule 5.

corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* Subsection (A) is the only subsection applicable to Petitioner's claims-except for his *Apprendi* claim. Petitioner has not cited any impediment to filing his § 2254 petition which was created by the State, any newly discovered facts, or a right newly recognized by the Supreme Court and applied retroactively to cases on collateral review—again, except for his *Apprendi* claim.

It is clear that Petitioner filed his § 2254 petition well beyond the one year statute of limitations period. Whether Petitioner's judgment of convictions became final when the Illinois Supreme Court denied his *pro se* petition for leave to appeal the denial of his post-conviction petition as asserted by Respondent, *Gendron v. United States*, 154 F.3d 672, 675 (7th Cir.1998), or whether it became final when the grace period for filing collateral attacks provided by the Seventh Circuit expired, *Lindh v. Murphy*, 96 F.3d 856, 865–66 (7th Cir. 1996)(*en banc*), *rev'd on other grounds*, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997), it is clear that filing his § 2254 petition on May 1, 2001, was untimely.

However, that may not be the case for his *Apprendi* claim. In *Ashley v. United States*, 266 F.3d 671 (7th Cir.2001), the Seventh Circuit noted that, although that court had "not decided whether *Apprendi* applies retroactively on collateral review, three courts of appeals have haled that it does not." *Id.* at 674 (citing cases). Nevertheless, the Seventh Circuit, relying upon *United States v. Lopez*, 248 F.3d 427 (5th Cir.2001), found that district courts possess the authority to "determine whether a novel decision of the Supreme Court applies retroactively...." *Id.* Accordingly, the Seventh Circuit remanded that case for a determination by the district court as to whether *Apprendi* may be applied retroactively and whether Ashley's collateral attack was timely.[5] *Id.*

If this Court were to determine that *Apprendi* should be applied retroactively on collateral review, then Petitioner's *Apprendi* claim would be timely because the Supreme Court issued its opinion in *Apprendi* on June 26, 2000, and Petitioner filed the instant § 2254 petition on May 1, 2001, *i.e.*, within the one year statute of limitations period provided for in 28 U.S.C. § 2244(d)(1)(C).

■ However, the Court need not decide this issue because *Apprendi*, even if it

---

**5.** Although the Seventh Circuit was considering a § 2255 petition in *Ashley*, "[s]ince the parallel provisions governing habeas petitioners for prisoners in state custody, 28 U.S.C. § 2244(b)(2)(A) and § 2244(d)(1)(C), respectively, share the same language, *Ashley* controls habeas corpus petitions brought under § 2254 as well." *United States ex rel Walton v. Barnett*, 2001 WL 1519421, * 2 (N.D.Ill. Nov. 29, 2001).

does apply retroactively on collateral review, is inapplicable in the instant case. *See Brannigan v. United States*, 249 F.3d 584, 587 (7th Cir.2001)(holding that "when an argument invoking *Apprendi* would fail even if that case turns out to be fully retroactive, we deny it on the merits in order to forestall a further round of litigation."). As the Seventh Circuit has oft times repeated, "an *Apprendi* violation only occurs when the imposed sentence exceeds the prescribed statutory maximum." *United States v. Chemetco, Inc.*, 274 F.3d 1154, 1161 (7th Cir.2001), citing *Apprendi*, 530 U.S. at 490, 120 S.Ct. 2348.

■ Here, Petitioner did not receive a sentence which exceeded the prescribed statutory maximum on any of his four convictions. As noted above, Petitioner received a sentence of sixty years of imprisonment for his murder conviction, five years for his aggravated battery conviction, four years for his unlawful restraint conviction, and one year for his obstructing justice conviction. The trial court ordered that these sentences be served concurrently.

In Illinois, the statutory maximum penalty for first degree murder of which Petitioner was convicted (720 ILCS 5/9–1(a)— is sixty years). 720 ILCS 5/5–8–1(a)(1)(a). Aggravated battery is a Class 3 felony, 720 ILCS 5/12–4(e), which carries a maximum penalty of five years. 720 ILCS 5/5–8–1(a)(6). Aggravated unlawful restraint is also a Class 3 felony, 720 ILCS 5/10–3.1(b), which carries a maximum penalty of five years. 720 ILCS 5/5–8–1(a)(6). Finally, obstruction of justice is a Class 4 felony, 720 ILCS 5/31–4(d)(1), which carries a maximum penalty of three years. 720 ILCS 5/5–8–1(a)(7).

Thus, even if this Court were to find that *Apprendi* should be applied retroactively upon collateral review, because Petitioner did not receive a sentence on any of his four convictions which was above the prescribed statutory maximum penalty, *Apprendi*'s holding does not provide any basis for granting Petitioner the relief which he seeks in his § 2254 petition for a writ of habeas corpus. Moreover, because Petitioner's other claims are time barred due to his failure to file his § 2254 petition within one year of the date upon which his judgment of convictions became final, Petitioner's petition is denied. 28 U.S.C. § 2244(d)(1)(A).

The Court reminds the Illinois Attorney General that, although it is allowing Respondent's motion to dismiss, it is doing so only in the interest of judicial economy because most of Petitioner's claims are, in fact, time barred as argued by Respondent. However, the Court's allowance of Respondent's motion to dismiss should not indicate a willingness by the Court to tolerate a party's non-compliance with its Orders. On the contrary, in the future, the Court fully expects that, when it orders a respondent to file an answer pursuant to Rule 5 of the Rules Governing § 2254 Cases, that is what the Court will receive.

*Ergo*, Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus is ALLOWED. Accordingly, Petitioner's Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus is DENIED and DISMISSED WITH PREJUDICE.