**UNITED STATES of America,**
**Plaintiff,**

v.

**Robert M. LEVINE, Defendant.**

**No. HCR 91–3.**

United States District Court,
N.D. Indiana,
Hammond Division.

Feb. 8, 2002.

conspiracy to use interstate commerce to effect murder-for-hire and four counts of using interstate commerce to effect murder-for-hire in violation of 18 U.S.C. sections 371 and 1958. The indictment alleged that Defendant traveled in interstate commerce, specifically from Arizona to Indiana, with intent that the murders of his brother, sister-in-law, and nephew be committed as consideration for a promise or agreement to pay a thing of pecuniary value to Bruce William McKinney for the murders. A jury found Defendant guilty of all five counts. This Court sentenced Defendant to life imprisonment terms for each of the four counts of using interstate commerce to effect murder-for-hire and 60 months for the conspiracy count, with the sentences to run concurrently. The Seventh Circuit affirmed Defendant's conviction and this Court's subsequent denial of Defendant's motion pursuant to 28 U.S.C. section 2255 and motion for new trial based on newly discovered evidence.

On April 6, 2001, Defendant filed a motion for appointment of counsel. Defendant contended he needed legal assistance in preparing a motion for reduction in his sentence pursuant to 18 U.S.C. section 3582(c)(2). Defendant maintained that a recent amendment to the United States Sentencing Guidelines reduced the sentencing range under which he was previously sentenced. In its April 12, 2001, order, this Court declined to exercise its discretion to appoint counsel in a section 3582(c)(2) proceeding based on this Court's finding that Defendant's argument lacked merit. This Court further denied Defendant's motion for reconsideration of the April 12, 2001, order.

In the instant motion to correct sentence, Defendant requests this Court reduce his sentence based on Amendment 591 to the Sentencing Guidelines pursuant to 18 U.S.C. section 3582(c)(2) and/or pur-

### *ORDER*

LOZANO, District Judge.

This matter is before the Court on the Motion to Correct a Sentence of Imprisonment Pursuant to 18 USC § 3582 and/or 28 USC § 1651 and the Motion for the Court to Take Judicial Notice Pursuant to Rule 201, F.R.E., filed by Defendant on July 2, 2001 and October 17, 2001, respectively. For the reasons set forth below, the motions are **DENIED**.

*BACKGROUND*

On January 11, 1991, the grand jury returned a 5–count indictment against Defendant, charging him with one count of

suant to the writ of coram nobis, 28 U.S.C. section 1651. In the instant motion for judicial notice, Defendant requests this Court give due consideration to *Ashley v. United States,* 266 F.3d 671 (7th Cir.2001), in which the Seventh Circuit held a district court may determine if a right newly recognized by the Supreme Court has been made retroactively applicable on an initial collateral review. In particular, Defendant requests this Court consider *Ashley* in conjunction with *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

## DISCUSSION

### Motion to Correct Sentence

Defendant contends that Congress made clear through Amendment 591 to the Sentencing Guidelines that courts are only to sentence defendants for the offense conduct charged in the count of which the defendant was convicted. Based on this premise, Defendant asserts he can only be sentenced to 10 years imprisonment because that is the maximum punishment under 18 U.S.C. section 1958(a) when the indictment does not charge that personal injury or death resulted from the use of interstate commerce in the commission of murder-for-hire. Section 1958 provides in pertinent part that:

> Whoever travels in or causes another … to travel in interstate … commerce … with intent that a murder be committed in violation of laws of any State or the United States as consideration for the receipt of, or as consideration for a promise … to pay, anything of pecuniary value, or who conspires to do so, shall be … imprisoned for not more than ten years … and if personal injury results, shall be … imprisoned for not more than twenty years … and if death results, shall be punished by death or life imprisonment ….

18 U.S.C. § 1958(a). Defendant maintains section 1958 establishes separate offenses

with separate elements that must be charged in the indictment and found by a jury beyond a reasonable doubt. According to Defendant, since his indictment failed to charge that "death resulted," nor was the jury so instructed, his maximum sentence is ten years. In addition to Amendment 591, Defendant relies upon Sentencing Guideline section 5G1.1 and *Jones v. United States,* 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999) to establish his claim.

Section 3582(c)(2) provides that

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission … the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) … if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). Sentencing Guideline section 1B1.10 provides that "[w]here a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, a reduction in the defendant's term of imprisonment is authorized under 18 U.S.C. § 3582(c)(2)." U.S. Sentencing Guidelines Manual § 1B1.10(a) (2001). Amendment 591, upon which Defendant relies, is listed in subsection (c) of section 1B1.10. U.S.S.G. section 1B1.10(c). The authorization of a discretionary reduction, however, does not entitle a defendant to a reduced term of imprisonment as a matter of right. U.S.S.G. section 1B1.10, cmt. background.

The Government contends Amendment 591 is not listed in section 1B1.10(c). The Government is clearly wrong and this

Court suggests the Government consult the most current Sentencing Guidelines rather than rely upon old case law. The Government further cites case law for the proposition that Amendment 591 is not retroactive. *See United States v. Martinez*, 263 F.3d 436, 440 n. 2 (5th Cir.2001); *United States v. Diaz*, 245 F.3d 294 (3d Cir.2001). This Court will not decide the issue because even if Amendment 591 is retroactive, it does not justify the relief Defendant requests.

Defendant notes that Amendment 591 made changes to Sentencing Guideline sections 1B1.1, 1B1.2, and the Statutory Index, inserting language that the Court must use the Guideline most appropriate for the "offense conduct charged in the count of which defendant was convicted." Defendant also notes the Commission struck Application Note 3 of section 1B1.2 which provided that in many instances it would be appropriate for the court to consider the actual conduct of the offender, even if such conduct did not constitute an element of the offense. *See* U.S.S.G.App. C Supp., Amend. 591; U.S.S.G. §§ 1B1.1, 1B1.2, App. A.

The Court must point out that both the former version and the current version of section 1B1.2 contain the language with which Defendant refers. Unamended section 1B1.2 provided that courts "[d]etermine the offense guideline section in Chapter Two (Offense Conduct) most applicable to the offense of conviction (*i.e.*, the offense conduct charged in the count of the indictment or information of which the defendant was convicted)." U.S.S.G. § 1B1.2(a)(1998). The amended version of section 1B1.2 merely strikes the word "most." *See* U.S.S.G. § 1B1.2(a) (2001); *see also* U.S.S.G.App. C Supp., Amend. 591. The current version also directs courts to the Statutory Index (Appendix A) to determine the Chapter Two Guideline for the offense of conviction. *Id.*

The current version of the Statutory Index directs courts to use the Guideline most appropriate for the offense conduct charged in the count of which the defendant was convicted whereas the former version directed the court to use the guideline most appropriate for the "nature" of the offense conduct so charged. *See* U.S.S.G.App. A, intro. cmt. (2001); U.S.S.G.App. A, intro. cmt. (1998). The current version deletes the former direction of how a court could deviate from the referenced Guideline section in the "atypical" case. *Id.*

Amended section 1B1.1 merely directs the Court to "[d]etermine, pursuant to § 1B1.2 (Applicable Guidelines), the offense guideline section from Chapter Two (Offense Conduct) applicable to the offense of conviction." U.S.S.G. § 1B1.1(a) (2001).

The effect of these changes becomes clear in light of the reason for Amendment 591 as explained by the Commission. The Commission noted that Amendment 591 addresses a conflict among the circuits as to whether courts could assess the enhanced penalties under section 2D1.2 (drug offenses occurring near locations or involving underage or pregnant individuals) only in a case in which the defendant was convicted of an offense referenced to that guideline or, alternatively, in any case in which the defendant's relevant conduct included drug sales in a protected location or involving a protected individual. U.S.S.G.App. C Supp., Amend. 591 (2000).

The Commission also created Amendment 591 because of courts selecting guidelines different from those referenced in the Statutory Index. The Commission noted the modifications to section 1B1.1(a), 1B1.2(a), and the Statutory Index introductory commentary clarify the interrelationship among these provisions and emphasize that "the sentencing court *must* apply the offense guideline referenced in

the Statutory Index for the *statute of conviction* unless the case falls within the limited 'stipulation' exception set forth in § 1B1.2(a)." *Id.* (emphasis added). As the Commission concluded, in order to assess the enhanced penalties in section 2D1.2, the defendant must be convicted of an offense referenced to section 2D1.2. *Id.*

With respect to the deletion of former Application Note 3 of section 1B1.2, in which the note provided that it may be appropriate for courts to consider the actual conduct of the offender even if such conduct is not an element of the offense, the Commission explained that "[t]his application note describes a consideration that is more appropriate when applying § 1B1.3 (Relevant Conduct), and its current placement in § 1B1.2 apparently has caused confusion in applying that guideline's principles . . . ." *Id.* The Commission noted former Application Note 3 had been used by some courts to decline to use the offense guideline referenced in the Statutory Index in cases that were "atypical." *Id.*

As Amendment 591 and its accompanying commentary make clear, this Court is to use the offense guideline referenced in the Statutory Index for 18 U.S.C. section 1958, the statute under which Defendant was convicted, in sentencing Defendant.[1] In the Statutory Index, 18 U.S.C. section 1958 is only paired with Guideline section 2E1.4. U.S.S.G.App. A (2001). In both the 1991 version and the current version of section 2E1.4, the section requires that the base offense level be the greater of 32 or the offense level applicable to the underlying unlawful conduct.[2] *See* U.S.S.G. § 2E1.4 (2001); U.S.S.G. § 2E1.4 (1999).

■ In determining Defendant's sentence, this Court concluded the underlying offense was first degree murder since both Defendant's brother and sister-in-law were murdered. This resulted in a base offense level of 43 and a life sentence. *See* U.S.S.G. § 2A1.1 (2001); (Oct. 18, 1991, Sent. Hrg. Tr. at 3828–31). The Guidelines provide that the relevant conduct criteria of section 1B1.3 are to be used in determining the base offense level "[w]here there is more than one base offense level within a particular guideline." U.S.S.G. § 1B1.2, cmt. n. 2 (2001). The relevant conduct criteria require the sentencing court to take into account all acts committed, aided, commanded, or induced by defendant or, in a conspiracy, all reasonably foreseeable acts taken in furtherance of the conspiracy that occurred during the commission of the offense of conviction. U.S.S.G. § 1B1.3(a). Here, Defendant aided and conspired in an interstate murder-for-hire that resulted in murder. Therefore, applying the relevant conduct criteria, first degree murder becomes the underlying unlawful conduct for purposes of section 2E1.4(a)(2), whether or not those murders were charged as part of the offense. *United States v. Smith,* 232 F.3d 650, 651 (8th Cir.2000) (court found first degree murder as underlying conduct appropriate for section 1958 offense under sections 1B1.2, 1B1.3, and 2E1.4 even when not charged in the indictment).

■ Unlike the examples the Commission provided in its commentary to Amendment 591, this Court did apply the only Guideline section referenced in the Statutory Index for the violation of which Defendant was charged—section 2E1.4.

---

1. The Court notes that Defendant is not contesting his sentence under 18 U.S.C. section 371.

2. Prior to November 1, 1990, section 2E1.4 used 23 instead of 32 as one of the base offense level options. *See* U.S.S.G.App. C, Amend. 311.

Section 2E1.4 provides the Court with alternate base offense levels and under section 1B1.2, comment note 2 and section 1B1.3, the appropriate base level is 43—first degree murder. Contrary to Defendant's contentions, the recent amendment does not decrease the sentencing range. Amendment 591 merely dictates the guidelines courts should use and this Court did follow such dictate.

Defendant argues Guideline section 5G1.1 requires this Court sentence him to ten years imprisonment because the statutorily authorized maximum sentence in his case is less than the minimum of the applicable guideline range and, as such, the statutorily authorized maximum sentence shall be the guideline sentence. *See* U.S.S.G. § 5G1.1. This would be so only if *Jones v. United States*, 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999) were applicable to his case.

▪ In *Jones*, the Supreme Court found that a carjacking statute similar to section 1958 established three separate offenses with separate elements that must be charged in the indictment and found by a jury. *Id.* The problem with Defendant's argument is that *Jones* is not a change to the Guidelines by the Sentencing Commission. *United States v. Smith*, 241 F.3d 546, 548 (7th Cir.2001) (*Apprendi* issue not authorized by section 3582(c) for it is unrelated to any change in the Sentencing Guidelines). It appears Defendant is trying to use a change in the Sentencing Guidelines, which has no effect on his sentence, to bootstrap an argument under *Jones*.[3] An argument under *Jones* is the sort of contention usually raised by a motion under 28 U.S.C. section 2255. *Smith*, 241 F.3d at 548 (*Apprendi* argument usually raised by section 2255 motion). Defendant has previously filed a section 2255

motion so this Court is without jurisdiction to consider his claims under *Jones*. *See Nunez v. United States*, 96 F.3d 990, 991 (7th Cir.1996) (successive section 2255 petitions must be authorized by the court of appeals and district courts are without jurisdiction to consider them unless so approved). Accordingly, Defendant's motion pursuant to 18 U.S.C. section 3582 is **DENIED.**

Although this Court is without jurisdiction to consider such claims, the Court notes that the Government contends Defendant cannot rely on such claims because he did not raise them before this Court at sentencing or on direct appeal and, therefore, must show cause and prejudice which he has not. Dismissing Defendant's *Jones* claim because Defendant failed to establish cause and prejudice does have support. *See Smith*, 241 F.3d at 548–49 (defendant failed to establish cause and prejudice for failing to raise *Apprendi* claim). In contrast, Defendant contends he can raise a subject matter jurisdiction claim at any time. The cases Defendant cites do not involve collateral attacks in the criminal case context pursuant to the current section 2255. *See Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982) (civil case); *Stirone v. United States*, 361 U.S. 212, 80 S.Ct. 270, 4 L.Ed.2d 252 (1960) (direct appeal); *Ex Parte Bain*, 121 U.S. 1, 7 S.Ct. 781, 30 L.Ed. 849 (1887) (pre-section 2255); *United States v. Tran*, 234 F.3d 798 (2d Cir. 2000), *overruled by*, *United States v. Thomas*, 274 F.3d 655 (2d Cir.2001) (direct appeal); *United States v. Thompson*, 23 F.3d 1225 (7th Cir.1994) (direct appeal); *United States v. Corbitt*, 13 F.3d 207 (7th Cir.1993) (no challenge to subject matter

---

**3.** It also appears that Defendant is attempting to bootstrap a claim under *McMillan v. Pennsylvania,* 477 U.S. 79, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986) as well. Defendant's *McMillan* reliance suffers the same fate as reliance upon *Jones*.

jurisdiction); *Dawson v. Pastrick,* 441 F.Supp. 133, 137 (N.D.Ind.1977), *aff'd in part, rev'd in part,* 600 F.2d 70 (7th Cir. 1979) (civil case). Further, section 2255 clearly sets out that lack of jurisdiction is a basis for a collateral attack yet also establishes a 1–year limitation period for such claims. *See* 28 U.S.C. § 2255 ¶¶ 1, 6. However, because this Court lacks jurisdiction to rule on Defendant's claim under *Jones* it does not rule upon this issue.

■ Alternatively, Defendant seeks a writ of coram nobis pursuant to 28 U.S.C. section 1651. Defendant contends because he is not eligible for relief under section 2255 as he has previously filed a section 2255 petition that this Court consider his claims pursuant to section 1651. Defendant, who is in custody, cannot attempt to avoid the statutory restrictions of section 2255 by labeling his motion as one under section 1651. *See Owens v. Boyd,* 235 F.3d 356, 360 (7th Cir.2000) ("[W]rits in the nature of coram nobis are limited to *former* prisoners who seek to escape the collateral civil consequences of wrongful conviction. Persons still in custody must look to § 2254 or § 2255 for relief; they cannot use § 1651(a) to escape statutory restrictions on those remedies.") (emphasis in original) (internal citation omitted); *United States v. Barrett,* 178 F.3d 34, 54–56 (1st Cir.1999) (noting Supreme Court stated where a statute specifically addresses the particular issue at hand, it is that authority and not the All Writs Act that is controlling; noting the fact that section 2255 bars defendant's second petition does not mean section 2255 is not controlling or it is inadequate or ineffective); *In Re Davenport,* 147 F.3d 605, 608 (7th Cir.1998) (if Congress has forbidden federal prisoners to proceed under section 2241 even when section 2255 is closed to them, then it would be senseless to suppose that Congress permitted them to pass through the closed door simply by changing the number 2241 to 1651 on their motions); *United States v. Bush,* 888 F.2d 1145, 1147 (7th Cir.1989) (contemporary coram nobis matters only after custody expires).

Further, the argument Defendant makes could have been raised on direct appeal since it could have been based on *McMillan. See United States v. Edwards,* 33 F.Supp.2d 631, 634 (N.D.Ohio 1999) (citing *Barnickel v. United States,* 113 F.3d 704 (7th Cir.1997)) (courts refuse to consider matters that could have been raised on direct appeal but were not). Accordingly, Defendant's motion pursuant to 28 U.S.C. section 1651 is **DENIED**.

*Motion for Court to Take Judicial Notice*

Defendant requests this Court take judicial notice of the Seventh Circuit's recent opinion in *Ashley v. United States,* 266 F.3d 671 (7th Cir.2001), in which the court held that a district court may determine if a right newly recognized by the Supreme Court is retroactively applicable on collateral review. In particular, Defendant wants this Court to consider *Ashley* in conjunction with the dictates of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) which determined that any fact that increases the penalty for a crime beyond the prescribed statutory maximum, other than the fact of a prior conviction, must be submitted to a jury and proved beyond a reasonable doubt.

■ This Court declines Defendant's request because Defendant's motion to correct his sentence is not an initial collateral attack and determining whether a right is retroactively applicable on a successive collateral attack is still within the province of the Supreme Court. *See* 28 U.S.C. § 2255 ¶ 8(2); *Ashley,* 266 F.3d at 672–73.

■ Moreover, although the Seventh Circuit has not decided whether *Apprendi* applies retroactively on collateral review, *Ashley,* 266 F.3d at 674, three other circuit

courts of appeal have held that *Apprendi* does not apply retroactively on collateral review. *See United States v. Moss*, 252 F.3d 993 (8th Cir.2001); *United States v. Sanders*, 247 F.3d 139 (4th Cir.2001); *Jones v. Smith*, 231 F.3d 1227 (9th Cir. 2000). This Court agrees with those circuits and the majority of district courts that *Apprendi* does not apply retroactively on collateral review. *See Moss*, 252 F.3d at 997 n. 4 (listing district court cases finding *Apprendi* not applicable retroactively on collateral review). Accordingly, Defendant's motion for judicial notice is **DENIED**.

## CONCLUSION

For the reasons set forth above, the Motion to Correct a Sentence of Imprisonment Pursuant to 18 USC § 3582 and/or 28 USC § 1651 and the Motion for the Court to Take Judicial Notice Pursuant to Rule 201, F.R.E. are **DENIED**.