to commence the limitations period, or whether its retroactive application by the Court of Appeals for the Circuit encompassing the District Court in which a prisoner was sentenced will suffice, because Lloyd's petition – filed not later than one year after the Supreme Court's May, 1988 *Bousley* decision and this Court's April, 1997 *Davis* [*v. United States*, 112 F.3d (3d Cir. 1997)] decision – was timely under either rule."); *Haugh*, 210 F.3d at 1150 ("We need not address this issue . . .").

To resolve the case before us, we follow the last approach, as we also do not need to decide whether the retroactivity determination must be made by the Supreme Court or whether it may be made by a lower federal court. This is so because the Sixth Circuit had not decided whether *Bailey* was retroactively applicable to cases on collateral appeal under ¶ 6(3) of § 2255 prior to the Supreme Court's decision in *Bousley* on May 18, 1998. Because Pryor's motion was filed within one year of the *Bousley* decision, it was therefore timely under § 2255.[3] Accordingly, we **REVERSE** the district court's order and **REMAND** the case to the district court for consideration of Pryor's motion.

---

[3]Because we hold that Pryor's motion is timely under *Bousley*, we do not reach the issues of whether the statute of limitations under § 2255 should be equitably tolled or whether the "savings clause" under § 2255 should be used in this case to convert the motion into a habeas petition under 28 U.S.C. § 2241. See *Charles v. Chandler*, 180 F.3d 753, 757 (6th Cir. 1999) (per curiam) (leaving undecided "whether or not a claim of 'actual innocence,' as described in *Bousley*, might permit a petitioner under certain circumstances to utilize § 2241 as a means of circumventing § 2255's requirements for filing a second or successive habeas petition.").

RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2002 FED App. 0036P (6th Cir.)
File Name: 02a0036p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————

SYLVESTER PRYOR,
      *Petitioner-Appellant,*

      *v.*                                        No. 00-5303

UNITED STATES OF AMERICA,
      *Respondent-Appellee.*

Appeal from the United States District Court
for the Eastern District of Tennessee at Chattanooga.
Nos. 93-00137; 98-00353 —R. Allan Edgar,
Chief District Judge.

Submitted: November 30, 2001

Decided and Filed: January 25, 2002

Before: MERRITT, CLAY, and GILMAN, Circuit Judges.

———————

**COUNSEL**

**ON BRIEF:** Russell C. Rutledge, STEWART, WILKINSON & WILSON, Memphis, Tennessee, for Appellant. Gregg L. Sullivan, ASSISTANT UNITED STATES ATTORNEY, Chattanooga, Tennessee, for Appellee.

---

**OPINION**

---

CLAY, Circuit Judge.  The question before us is whether Petitioner's motion to set aside his conviction was timely filed pursuant to 42 U.S.C. § 2255 ¶ 6.  A new interpretation of 18 U.S.C. § 924(c)(1) in *Bailey v. United States*, 516 U.S. 137 (1995) exonerates the Petitioner in this case of his firearms conviction.  The Supreme Court has made *Bailey* retroactive in *Bousley v. United States*, 523 U.S. 614 (1998). Prior to *Bousley*, the Sixth Circuit had not decided whether *Bailey* was retroactively applicable to petitions filed pursuant to 28 U.S.C. § 2255 ¶ 6.  We now join other circuits holding that the limitations period commences with the *Bousley* decision and therefore find the motion timely.

**BACKGROUND**

In March, 1994, a jury convicted Sylvester Pryor of drug trafficking in violation of 21 U.S.C. § 841 and of using or carrying a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1).  He was sentenced to 228 months in prison – 168 months on the drug charge, consecutive to a mandatory 60-month sentence on the gun charge.  Pryor's convictions and sentences were upheld by this Court on May 3, 1995.  *United States v. Pryor*, No. 94-5761, 1995 WL 259221 (6th Cir. May 3, 1995).  A petition for writ of certiorari was denied on October 2, 1995.

Pryor filed his post-conviction motion pursuant to § 2255 on October 13, 1998, contending that he should be resentenced in light of the Supreme Court's holding in *Bailey* in December 1995 that a conviction for using a firearm during and in relation to a drug trafficking offense "requires evidence sufficient to show *active employment* of the firearm by the defendant." *Id.* at 143 (emphasis added).  It is undisputed that *Bailey* significantly altered the interpretation of § 924(c)(1) that had been employed by every circuit court, including ours, up to that time.  Nevertheless, the district court denied Pryor's

---

*Bousley* was decided on May 18, 1998 when  the Court held that claims based on pre-*Bailey* convictions under § 924(c)(1) could be brought in habeas petitions.  *See Valdez*, 195 F.3d at 548  (holding that "the one-year period of limitations under § 2255(3) began to run on May 18, 1998, the date *Bousley* was decided."); *see also In re Vial*, 115 F.3d 1192, 1197 n. 9 (4th Cir. 1997) (pre-*Bousley* case holding that, under ¶ 6 (3) of § 2255, statute of limitations would not begin to run until Supreme Court ruled that *Bailey* was retroactively applicable to cases on collateral review).

Another position advanced by a circuit court is that § 2255(3) does not require the Supreme Court to make the retroactivity determination, but a circuit court can make that decision itself.  *See United States v. Lopez*, 248 F.3d 427, 431 (5th Cir. 2001) ("Had Congress desired to limit § 2255(3)'s retroactivity requirement, it would have similarly placed a 'by the Supreme Court' limitation immediately after the phrase 'made retroactively applicable to cases on collateral review' in § 2255(3).").  In *Lopez*, the Fifth Circuit made the retroactivity determination itself, holding that the Supreme Court's decision in *Richardson v. United States*, 526 U.S. 813 (1999), requiring the jury to be instructed to reach a unanimous verdict on each of the specific violations was retroactively applicable on collateral review. 248 F.3d at 432.

A third position is that any inferior federal court may determine whether a Supreme Court decision retroactively applies to cases on collateral review.  *See Ashley*, 266 F.3d at 674 ("Having time run from a retroactivity decision made by the court with territorial jurisdiction produces certainty in application.").  In *Ashley*, the Seventh Circuit found that *Apprendi v. New Jersey*, 530 U.S. 466 (2000) applied retroactively on collateral review of a motion filed under ¶ 6 (3) of § 2255.  266 F.3d at 674.

Finally, at least two circuit courts have refrained from ruling on the retroactivity question.  *See Lloyd*, 188 F3d at 188 ("We need not decide whether a right must be made applicable on collateral review by the Supreme Court in order

had previously supported a conviction. *See United States v. Lloyd*, 188 F.3d 184, 187 (3d Cir. 1999) (*Bailey* recognized for the first time that "use" under § 924(c)(1) requires active employment of a firearm); *United States v. Valdez,* 195 F.3d 544, 547 (9th Cir. 1999) (*Bailey* constitutes a newly recognized right under § 2255(3)); *Haugh v. Booker*, 210 F.3d 1147, 1149 (10th Cir. 2000) ("In *Bailey*, the Supreme Court recognized for the first time a defendant's right to be free of criminal liability under 924(c)(1) for conduct that had previously supported a conviction in virtually every circuit, thus recognizing a new right within the meaning of section 2255 (3).").[2]

However, circuit courts are split on the second condition for applying ¶ 6(3) of § 2255, finding the phrase "made retroactively applicable to cases on collateral review" to be ambiguous. Specifically, the issue is whether the one-year limitation period found in ¶ 6(3) begins to run when the Supreme Court holds a new right applicable on collateral review, or whether retroactive application of the right may be made by an inferior federal court. *See Lloyd,* 188 F.3d at 187; *Ashley v. United States*, 266 F.3d 671, 673 (7th Cir. 2001) ("There remains the requirement that *some* court make the decision retroactive.") (Emphasis in original)).

Federal circuit courts have staked out various positions in making the retroactivity decision. One position is that only the Supreme Court can make the retroactivity decision. Thus, at least one circuit court has found that *Bailey* was not made retroactively applicable to cases on collateral appeal until

---

[2] We also agree with other circuits that 28 U.S.C. § 2255 ¶ 6(3) does not limit the newly recognized right to just a "constitutional right." *See Lloyd*, 188 F.3d at 187 ("That the right is founded on statutory interpretation rather than on a new rule of constitutional law is of no moment for purposes of the limitation period under § 2255."); *United States v. Lopez,* 248 F.3d 427, 430 (5th Cir. 2001) ("Given that Congress specifically limited the types of rights or rules within both § 2255 and elsewhere in AEDPA, it is reasonable to conclude that the omission of 'constitutional' as a modifier for 'right' in § 2255(3) was intentional, and hence, this section comprehends statutory rights as well.").

motion as time-barred because Pryor failed to file his motion within the one-year limitation period under 42 U.S.C. § 2255(3) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Pub. L. No. 104-132, 110 Stat. 1214, 1220. On appeal, the government concedes Pryor's actual innocence under § 924(c)(1) in light of *Bailey*. Govt. Br. at 8-9 & n. 3. The government's only argument against addressing the merits of Pryor's collateral attack based on *Bailey* is that his motion is time-barred.

### ANALYSIS

28 U.S.C. § 2255 ¶ 6 provides in pertinent part:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –

(1) the date on which the judgment of conviction becomes final;

. . .

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]

28 U.S.C.A. § 2255.[1]  To avoid unfair notice or a denial of

---

[1] Somewhat similar language is also found in 28 U.S.C. § 2255 ¶ 8(2) and 28 U.S.C. § 2244(b)(2)(A).  28 U.S.C. § 2255 ¶ 8(2)  provides in pertinent part:

>    A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain -

> . . .

>    (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C.A. § 2255.

28 U.S.C. § 2244(b)(2)(A) provides in part:

>    (2) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed unless -

>    (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable . . .

28 U.S.C. § 2244(b)(2)(A).

Although 28 U.S.C. § 2255 ¶ 6(3) contains language almost identical to that found in 28 U.S.C. § 2255 ¶ 8(2) and 28 U.S.C. § 2244(b)(2)(A), there are important textual differences.  First, the language of 28 U.S.C. § 2255 ¶ 6(3) is couched in terms of a "*right* [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review," whereas 28 U.S.C. § 2255 ¶ 8(2) and 28 U.S.C. § 2244(b)(2)(A), do not mention "rights" at all, but rather speak about "a new *rule* of constitutional law, made retroactive to cases on collateral review by the Supreme Court." (Emphases added).  Further, the language of 28 U.S.C. § 2255 ¶ 6(3) does not explicitly require that the right that is recognized be from a new rule of constitutional law that the Supreme Court has made retroactive to cases on collateral review.  Indeed, the right that is newly recognized under 28 U.S.C. § 2255 ¶ 6(3) does not have to be from either a "new rule" or a "rule of constitutional law" (i.e., it may be statutory or have its source in common law), nor does it have to be made retroactive by the Supreme Court (i.e., the question

---

due process, we and nearly all other circuits have held that petitioners whose convictions were final prior to the date of the Act on April 24, 1996, had a one year grace period until April 24, 1997, to file a motion under § 2255. *Hyatt v. United States,* 207 F.3d 831, 833 (6th Cir. 2000).

To apply 28 U.S.C. § 2255 ¶ 6(3), two conditions must be determined: (1) the date on which the Supreme Court has recognized a new right and (2) whether the right has been "made retroactively applicable to cases on collateral review." As for the first condition, we agree with other circuit courts that *Bailey* recognized a new right within the meaning of ¶ 6(3) of § 2255  by deciding that a defendant had the right to be free of criminal liability under § 924(c)(1) for conduct that

---

about which court makes the retroactivity decision is left open).  Thus, it is a mistake to reference cases interpreting 28 U.S.C. § 2255 ¶ 8(2) and 28 U.S.C. § 2244(b)(2)(A) in connection with 28 U.S.C. § 2255 ¶ 6(3).  Because of  textual differences in the language of these statutes, those cases are irrelevant to the present inquiry, and thus are  not binding upon us in interpreting the separate statutory provision of 28 U.S.C. § 2255 ¶ 6(3)  *See In re Hanserd*, 123 F.3d 922 (6th Cir. 1997)(interpreting 28 U.S.C. § 2255 ¶ 8(2) even though it was unnecessary to its holding that the petitioner did not need to meet the new standard under the AEDPA because his previous § 2255 motion was filed before the effective date of the AEDPA).

In addition, we note that it would be wrong to rely upon cases interpreting 28 U.S.C. § 2255 ¶ 8(2) in connection with 28 U.S.C. § 2255 ¶ 6(3) because ¶ 8(2) describes narrower circumstances under which collateral review is available than ¶ 6(3), in part because ¶ 8(2) deals with second or successive petitions as opposed to initial petitions.  Thus, reliance upon cases interpreting ¶ 8(2) would erroneously narrow the interpretation of the different statutory language found in ¶ 6(3) describing broader circumstances under which collateral relief is available with regard to initial petitions.

Therefore, for present purposes, we confine ourselves to only those cases interpreting 28 U.S.C. § 2255 ¶ 6(3) without attempting to reconcile the cases interpreting this paragraph with those interpreting 28 U.S.C. § 2255 ¶ 8(2) and  28 U.S.C. § 2244(b)(2)(A).  *See Ashley v. United States*, 266 F.3d 671, 674 (7th Cir. 2001) (raising the question whether § 2255 ¶ 6(3) and  § 2255 ¶ 8(2) should be read identically with regard to the retroactivity decision).