**Richard Lee WIEGAND, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

**No. 02–1740.**

United States Court of Appeals, Sixth Circuit.

July 10, 2003.

Before BOGGS and GILMAN, Circuit Judges; and DOWD, District Judge.*

*ORDER*

Richard Lee Wiegand, proceeding pro se, appeals a district court judgment denying his motion to vacate his sentence filed pursuant to 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1991, a jury convicted Wiegand of setting fire to a dwelling in violation of 18 U.S.C. § 3631(a) (count 1), using fire to commit a felony in violation of 18 U.S.C. § 844(h) (count 2), using fire to damage a building used in an activity affecting inter-

* The Honorable David D. Dowd, Jr., United States District Judge for the Northern District

of Ohio, sitting by designation.

state commerce in violation of 18 U.S.C. § 844(i) (count 3), knowingly intimidating and threatening a witness in violation of 18 U.S.C. § 1512(b)(3) (count 4), and lying to an agent of the Federal Bureau of Investigation (FBI) in violation of 18 U.S.C. § 1001 (count 5). He was sentenced to a total of 190 months of imprisonment. A panel of this court affirmed Wiegand's convictions and sentence on appeal. *United States v. Wiegand,* No. 93–1735, 1994 WL 714347 (6th Cir. Dec. 22, 1994).

Thereafter, Wiegand submitted a § 2255 motion to vacate his sentence, that was dated July 4, 2000, and was filed on August 17, 2000. Wiegand argued that: 1) his conviction for count 1 is invalid because § 3631 is unconstitutional; 2) his conviction for count 2 is invalid because it is dependant on his conviction for count 1; 3) his conviction for count 3 is invalid in light of the Supreme Court's decision in *Jones v. United States,* 529 U.S. 848, 120 S.Ct. 1904, 146 L.Ed.2d 902 (2000), for lack of sufficient effect on interstate commerce; 4) his conviction for count 4 is invalid because the fire was a "local arson and not a Federal matter;" and 5) his conviction for count 5 is invalid because his statements to the FBI were not material. Upon review, a magistrate judge filed a report recommending that the district court deny Wiegand's § 2255 motion as untimely. Over Wiegand's objections, the district court adopted the magistrate judge's recommendation and denied the motion, but it granted him a certificate of appealability (COA) as to whether his challenge to his conviction on count 3 of the indictment is barred by the one-year statute of limitations.

On appeal, Wiegand essentially reasserts his third ground for relief. He also argues that his § 2255 motion is timely because he filed his motion within one year of the *Jones* decision. He argues that the decision established a newly recognized right within the meaning of § 2255 ¶ 6(3). He also maintains that § 2255 ¶ 6(3) does not require that only the Supreme Court may recognize the right as retroactively applicable in order to restart the one-year statute of limitations.

Upon review, we conclude that the district court properly dismissed Wiegand's original § 2255 motion as untimely. The Antiterrorism and Effective Death Penalty Act (AEDPA) contains a one-year statute of limitations period during which a § 2255 motion to vacate sentence must be filed. *See* 28 U.S.C. § 2244(d)(1); *see also Dunlap v. United States,* 250 F.3d 1001, 1004–05 (6th Cir.), *cert. denied,* 534 U.S. 1057, 122 S.Ct. 649, 151 L.Ed.2d 566 (2001). Here, because Wiegand's conviction became final prior to the effective date of the AEDPA, he had until April 24, 1997, to file his § 2255 motion. He did not file his § 2255 motion until July 7, 2000, beyond the one-year time period permitted for filing such a motion.

Wiegand argues that his § 2255 motion is timely, with respect to his third ground for relief, because the Supreme Court's decision in *Jones* established a newly recognized right within the meaning of § 2255 ¶ 6(3). He argues, therefore, that he had until one year after the Jones decision to file his current challenge to his § 844(i) conviction. Section 2255 ¶ 6(3) provides, in pertinent part, that the one-year period of limitation "shall run from the latest of -(1) the date on which the judgment of conviction becomes final ... (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

We conclude that the exception contained in § 2255 ¶ 6(3) does not apply in this case. As the district court properly

**314**

noted, Wiegand has not shown that the alleged "newly recognized" right has been made retroactively applicable to cases on collateral review. *See, e.g., Oleson v. United States,* 27 Fed.Appx. 566, 571, 2001 WL 1631828 (6th Cir.2001). Wiegand has not cited to any case law establishing that any newly established right recognized in *Jones* has been determined to be retroactively applicable. Moreover, we have been unable to find any such case law. Because Wiegand did not establish that *Jones* recognized retroactively applicable rights, the *Jones* decision did not renew the statute of limitations period, and his motion was untimely.

Notwithstanding the above, we note that Wiegand may be able to pursue his claim by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the district court having jurisdiction over his place of confinement. Under highly exceptional circumstances, a federal prisoner may challenge his conviction and imposition of sentence under § 2241, instead of § 2255, if he is able to establish that his remedy under § 2255 is inadequate or ineffective to test the legality of his detention. *See* 28 U.S.C. § 2255 (last clause in fifth paragraph); *Charles v. Chandler,* 180 F.3d 753, 755–56 (6th Cir.1999). Appellate court decisions that have invoked this savings clause have done so essentially to permit prisoners to submit claims of actual innocence that would otherwise have been barred under the AEDPA. *See Charles,* 180 F.3d at 756–57.

Here, Wiegand's claim essentially constitutes an "actual innocence" argument because he maintains that he cannot be guilty since he set fire to a private residence. *See Jones,* 529 U.S. at 850–51 (Supreme Court held that "an owner-occupied residence not used for any commercial purpose does not qualify as property 'used in' commerce or commerce-affecting activi-

ty; arson of such a dwelling, therefore, is not subject to federal jurisdiction under § 844(i)"); *see also Martin v. Perez,* 319 F.3d 799, 804–05 (6th Cir.2003) (court held that petitioner was entitled to a hearing on his § 2241 motion where he argued that he was not guilty of the federal bombing statute because he bombed a private residence). Hence, Wiegand may be able to seek relief under § 2241 because he has asserted a facially valid claim of actual innocence.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C). Rules of the Sixth Circuit.