James Noble BARNES, Petitioner–
Appellant,

v.

UNITED STATES of America,
Respondent–Appellee.

No. 03–5872.

United States Court of Appeals,
Sixth Circuit.

April 29, 2004.

James Noble Barnes, Federal Correctional Institute, Lexington, KY, for Petitioner–Appellant.

Candace G. Hill, Asst. U.S. Attorney, Terry M. Cushing, Asst. U.S. Attorney, U.S. Attorney's Office, Louisville, KY, for Respondent–Appellee.

Before: SUHRHEINRICH, GIBBONS, and SUTTON, Circuit Judges.

## ORDER

James Noble Barnes, a federal prisoner proceeding pro se, appeals a district court order dismissing his motion to vacate, set aside, or correct his sentence, filed under 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

A jury convicted Barnes in May 1993 of one count of possessing with intent to distribute methamphetamine pursuant to 21 U.S.C. § 841(a)(1) and one count of using or carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c). He was sentenced to consecutive prison terms totaling 181 months and the judgment was affirmed on appeal. *See United States v. Barnes*, 49 F.3d 1144 (6th Cir.1995). Barnes's initial motion to vacate under § 2255 was denied and Barnes did not appeal. In May 2002, Barnes applied to this court for leave to file a second or successive § 2255 motion, asserting claims under *Bailey v. United States*, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), and *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). This court transferred Barnes's *Bailey* claim to the district court for consideration, but denied the request as to the *Apprendi* claim. *See In re*

*Barnes*, No. 02–5648 (6th Cir. Oct. 31, 2002).

In an order entered on June 2, 2003, the district court summarily dismissed Barnes's motion as time-barred. On appeal, Barnes argues that the merits of his motion should be addressed under § 2241 pursuant to the savings clause of § 2255.

Upon review, we affirm the district court's order. This court reviews *de novo* a district court's decision denying relief under § 2255, and reviews its findings of fact for clear error. *Mallett v. United States*, 334 F.3d 491, 497 (6th Cir.2003), *cert. denied*, —— U.S. ——, 124 S.Ct. 1109, 157 L.Ed.2d 938 (2004).

A one-year statute of limitations applies to a motion to vacate sentence under § 2255. *See* 28 U.S.C. § 2255 (sixth ¶); *Dunlap v. United States*, 250 F.3d 1001, 1004–05 (6th Cir.2001). A federal prisoner must file his motion to vacate within one year of the date on which: (1) the judgment of conviction becomes final; (2) a governmental impediment to making the motion is removed; (3) a right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the facts supporting the claim could have been discovered with due diligence. 28 U.S.C. § 2255 (sixth ¶). A prisoner, such as Barnes, whose conviction became final prior to the effective date of AEDPA had a one-year grace period, or until April 24, 1997, in which to timely file a § 2255 motion. *Hyatt v. United States*, 207 F.3d 831, 832–33 (6th Cir.2000). In the case of a claim, like that presented by Barnes, arising under *Bailey*, a federal prisoner had until one year after the Supreme Court's decision in *Bousley v. United States*, 523 U.S. 614, 620–21, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998), *i.e.*, until May 18, 1999, in which to bring his § 2255 motion. *See Pryor v. United States*, 278 F.3d 612, 616 (6th Cir.2002). Barnes's mo-

tion to vacate, filed on April 22, 2002, is thus outside even the later limitations period calculated from the *Bousley* decision.

■ The § 2255 statute of limitations is not a jurisdictional prerequisite and is thus subject to equitable tolling. *Dunlap,* 250 F.3d at 1004–09. Barnes does not argue on appeal that he satisfies the factors for equitable tolling set out in *Dunlap. See McClendon v. Sherman,* 329 F.3d 490, 494 (6th Cir.2003). Instead, he merely argues that the case should be remanded so that the district court could hold an evidentiary hearing on the issue. However, the record of this case is sufficient to conclude that Barnes is not entitled to equitable tolling. Barnes waited approximately three years after the *Bousley* decision to file his motion to vacate and has clearly not demonstrated due diligence in pursuing his rights. In addition, he does not even claim that he lacked knowledge of the filing requirement.

■ Barnes also asserts that the district court should have converted his § 2255 motion to a habeas corpus petition under § 2241. Under highly exceptional circumstances, a federal prisoner may challenge his conviction and sentence under § 2241, instead of § 2255, if he is able to establish that his remedy under § 2255 is inadequate or ineffective to test the legality of his detention. *See* 28 U.S.C. § 2255 (last clause in fifth ¶); *United States v. Peterman,* 249 F.3d 458, 461 (6th Cir.2001). The petitioner has the burden to prove that his remedy under § 2255 is inadequate or ineffective, *Martin v. Perez,* 319 F.3d 799, 803–04 (6th Cir.2003), and this remedy is not considered inadequate or ineffective merely because § 2255 relief previously had been denied, because the petitioner is procedurally barred from pursuing § 2255 relief, or because the petitioner has been denied permission to file a second or successive § 2255 motion. *Peterman,* 249 F.3d at 461.

A prisoner who can show that an intervening change in the law establishes his actual innocence can invoke the savings clause of § 2255 and proceed under § 2241. *Martin,* 319 F.3d at 804; *Peterman,* 249 F.3d at 461–62. Barnes claims that credible evidence showed that the firearm found in his vehicle had no relation to the drug offense and that he, under the holding of *Bailey,* thus is actually innocent of his conviction for using or carrying a firearm during and in relation to a drug trafficking crime under § 924(c). *See United States v. Gibbs,* 182 F.3d 408, 425–27 (6th Cir.1999).

We need not remand this case to the district court for a determination in the first instance of Barnes's actual innocence claim because the record and briefs before this court are sufficient to show that Barnes was properly convicted under § 924(c). " 'To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.' " *Martin,* 319 F.3d at 804 (quoting *Bousley,* 523 U.S. at 623). "Actual innocence" in this regard means *factual* innocence, rather than mere legal insufficiency. *Id.*

This court briefly summarized the facts of this case in its decision on direct appeal:

In March 1992, defendants James Barnes and Doyle Pate drove a pickup truck to the United Parcel Service facility in Owensboro, Kentucky to claim a package. Upon their arrival, Pate got out of the truck and was seen placing a pistol on the seat. Pate then walked into the building and was arrested as he left with a parcel containing methamphetamines. Barnes, *also armed with a pistol,* had waited in the truck, and he, too, was taken into custody at that time.

*Barnes,* 49 F.3d at 1146 (emphasis added).

This summary, undisputed by Barnes, is sufficient to show that he carried a firearm

444

during a drug transaction. *See Muscarello v. United States,* 524 U.S. 125, 126–27, 118 S.Ct. 1911, 141 L.Ed.2d 111 (1998); *Hilliard v. United States,* 157 F.3d 444, 449 (6th Cir.1998). However, a conviction under § 924(c) also requires that the carrying be *in relation to* the drug transaction. In order to show this element, the government must prove that the firearm furthered the purpose or effect of the crime and that its presence or involvement was not the result of coincidence. *See Smith v. United States,* 508 U.S. 223, 237–38, 113 S.Ct. 2050, 124 L.Ed.2d 138 (1993); *United States v. Walls,* 293 F.3d 959, 968 (6th Cir.), *cert. denied,* 537 U.S. 983, 123 S.Ct. 454, 154 L.Ed.2d 346 *and* 537 U.S. 1022, 123 S.Ct. 543, 154 L.Ed.2d 431 (2002). "In making this determination, we look not just at the defendant's specific intentions at the time but also at the 'totality of the circumstances surrounding the commission of the crime.'" *Id.* (quoting *United States v. Warwick,* 167 F.3d 965, 971 (6th Cir.1999)). In this case, the trial court instructed the jury that:

> A firearm is used or carried in relationship to a drug trafficking offense if the firearm has some relation to or connection with the offense. For example, if the person possessed the firearm during the offense and intended to use it to protect himself or to make escape possible, that firearm would be used in relation to a drug trafficking offense.

The jury found Barnes guilty under this instruction. Barnes argues that he had the pistol with him only because he intended to sell it to a firearms dealer after giving Pate the ride he had requested. However, the two purposes need not be mutually exclusive. Instead, the evidence, when viewed in the light most favorable to the prosecution, was sufficient to allow a rational trier of fact to conclude that the presence of the pistol while Barnes drove

Pate to pick up the drugs was not coincidental, but facilitated or had the potential of facilitating the drug trafficking offense. *See Walls,* 293 F.3d at 969.

Barnes further argues that the evidence was insufficient to show active *use* of the firearm and that, because the indictment charged him with "using *and* carrying," he is actually innocent of that charge because both prongs must be proven. That argument is meritless. "Where both 'using' and 'carrying' have been charged, evidence sufficient to support either element will sustain a § 924(c) conviction." *Fair v. United States,* 157 F.3d 427, 430 (6th Cir.1998).

Barnes has not established that he is actually innocent of violating § 924(c) so as to permit review under § 2241 pursuant to the savings clause of § 2255. Accordingly, the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.