*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2004 FED App. 0269A (6th Cir.)
File Name: 04a0269a.06

# UNITED STATES COURT OF APPEALS

### FOR THE SIXTH CIRCUIT

―――――――――

RICHARD LEE WIEGAND,
  *Petitioner-Appellant,*

  *v.*                    No. 02-1740

UNITED STATES OF AMERICA,
  *Respondent-Appellee.*

Appeal from the United States District Court
for the Western District of Michigan at Lansing
No. 00-00496—David W. McKeague, District Judge.

Decided and Filed: August 19, 2004

Before: DAUGHTREY, GIBBONS, and COOK, Circuit
Judges.

―――――――――

### AMENDED OPINION

―――――――――

COOK, Circuit Judge.  Richard Wiegand appeals the
district court's dismissal of his motion to vacate his sentence
under 28 U.S.C. § 2255.  The district court decided Wiegand
failed to file his motion within the Antiterrorism and
Effective Death Penalty Act of 1996 ("AEDPA") limitations
period.  We reverse the district court's decision and remand
for the district court to determine whether the Supreme

Court's decision in *Jones v. United States*, 529 U.S. 848
(2000)—decided after Wiegand's conviction—established a
new AEDPA limitations period.

### I

A federal jury found Wiegand guilty of several offenses,
including arson.  We affirmed his conviction on direct appeal.
*United States v. Wiegand*, No. 93-1735, 1994 WL 714347, at
*1 (6th Cir. Dec. 22, 1994) (unpublished).  Several years
later, Wiegand moved to vacate his sentence under 28 U.S.C.
§ 2255 on the ground that his arson conviction was not
supported by sufficient evidence in light of *Jones*.  A
magistrate judge recommended the court deny his motion
because the AEDPA statute of limitations barred his claims.
After reviewing Wiegand's objections, the district court
adopted the magistrate's report and recommendation.  The
district court granted a certificate of appealability with respect
to Wiegand's challenge to his arson conviction.  Another
panel affirmed the district court's decision, *Wiegand v. United
States*, 70 Fed. Appx. 312 (6th Cir. 2003), but granted
Wiegand's petition for rehearing.

### II

The issue certified for appeal is whether Wiegand's
challenge to his arson conviction is barred by the AEDPA's
one-year statute of limitations.  Wiegand and the United
States agree the AEDPA limitations period does not bar his
motion.

Section 2255 authorizes a federal prisoner to move the
district court to vacate his sentence.  28 U.S.C. § 2255 ¶ 1.
The AEDPA established a one-year limitations period for
§ 2255 motions, generally running from "the date on which
the judgment of conviction becomes final."  § 2255 ¶ 6(1).
But the AEDPA established alternative limitations periods,
including one for new rights the Supreme Court recognizes
after the prisoner's conviction becomes final:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —

. . .

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; . . . .

28 U.S.C. § 2255 ¶ 6(3).

Wiegand claims—and the United States agrees—that his motion was timely under § 2255 ¶ 6(3) because he filed it within one year of the Supreme Court's decision in *Jones*. Wiegand can avail himself of ¶ 6(3) if *Jones* created a right that has been newly "recognized by the Supreme Court and made retroactively applicable to cases on collateral review." § 2255 ¶ 6(3). The district court concluded that ¶ 6(3) did not apply because *Jones* had not been "made retroactively applicable to cases on collateral review" and that *it* could not decide *Jones* applied retroactively, leaving that decision to this court or the Supreme Court. We disagree with the district court's conclusion that it could not decide whether *Jones* applies retroactively and we remand to the district court to make this decision.

### III

*Jones* restricted the scope of the federal arson statute, decriminalizing conduct that courts previously viewed as within the statute's reach. *Jones* parallels the Supreme Court's decision in *Bailey v. United States*, 516 U.S. 137, 143 (1995) (holding that a conviction for using a firearm in relation to a drug offense requires evidence to show the defendant's active employment of the firearm). In fact, *Jones* relied on *Bailey* for its conclusion that "use" in the statute

signifies "active employment." *Jones*, 529 U.S. at 855 (citing *Bailey*, 516 U.S. at 143, 145).

When we considered whether *Bailey* applied retroactively, we canvassed the circuits and identified four different retroactivity approaches: (1) only the Supreme Court can make the retroactivity decision; (2) a circuit court can make the retroactivity decision; (3) any inferior federal court can make the retroactivity decision; and (4) not deciding the issue because the defendant moved to vacate within one year of *Bousley v. United States*, 523 U.S. 614 (1998). *Pryor v. United States*, 278 F.3d 612, 615-16 (6th Cir. 2002). We adopted the fourth approach and declined to decide whether a court other than the Supreme Court could make the retroactivity decision because of the unique circumstances involved in that case. Confronted with this question again here, we decide that any federal court can make the retroactivity decision, the third *Pryor* alternative.

The language of ¶ 6(3) belies the conclusion that only the Supreme Court could decide retroactivity. As numerous courts have noted, if Congress intended that result, then it would have utilized the same language it used in § 2255 ¶ 8(2). The second and third *Pryor* positions recognize that a court other than the Supreme Court can decide retroactivity. The difference between these positions is whether a district court can decide retroactivity or whether only a circuit court can make that decision. A number of circuits have considered this question since we decided *Pryor*.

The Third Circuit decided that either a district court or circuit court can make the retroactivity decision. *United States v. Swinton*, 333 F.3d 481, 486 (3d Cir. 2003). Permitting a district court or circuit court to make the decision "may be essential to put the question before the Supreme Court for final resolution." *Id.* at 486 (citing *Ashley v. United States*, 266 F.3d 671, 673 (7th Cir. 2001)). The *Swinton* court "conclude[d] - and the parties agree[d] - that the statute of limitations provision of § 2255 allows district courts and

courts of appeals to make retroactivity decisions." 333 F.3d at 487. The Eleventh Circuit reached the same conclusion earlier this year, recognizing that "every circuit to consider this issue has held that a court other than the Supreme Court can make the retroactivity decision for purposes of § 2255 [¶6](3)." *Dodd v. United States*, 365 F.3d 1273, 1278 (11th Cir. 2004) (citing decisions from the Third, Fifth, Seventh, and Eleventh Circuits and ultimately concluding that the limitations period began to run on the date of the Supreme Court decision even though it recognized a district court could decide the retroactivity question).

IV

The district court here should decide retroactivity in the first instance. If the district court finds Wiegand filed timely, then it can address the merits of his claim. This procedure will produce a more efficient resolution of retroactivity issues; committing the timeliness decision to the district court rather than the circuit court avoids a second round of proceedings on remand to consider the merits of the petitioner's claim. We thus reverse the district court's judgment and remand for the district court to consider whether *Jones* applies retroactively. If the district court decides *Jones* applies retroactively, it should consider the merits of Wiegand's claim and any procedural defenses the United States raises.