**James Noble BARNES, Petitioner–
Appellant,**

v.

**Joe BOOKER, Warden, Respondent–
Appellee.**

No. 03–6625.

United States Court of Appeals,
Sixth Circuit.

Sept. 21, 2004.

James Noble Barnes, Federal Correctional Institute, Lexington, KY, pro se.

Gregory F. Van Tatenhove, U.S. Attorney, U.S. Attorney's Office, Lexington, KY, for Respondent–Appellee.

Before MARTIN, COLE, and
GIBBONS, Circuit Judges.

*ORDER*

James Noble Barnes, a pro se federal prisoner, appeals a district court judgment dismissing his 28 U.S.C. § 2241 petition for a writ of habeas corpus. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1993, a jury convicted Barnes of possessing methamphetamine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and of using or carrying a firearm during and in relation to a drug-trafficking crime in violation of 18 U.S.C. § 924(c). He was sentenced to 181 months in prison. This court affirmed his convictions and sentence on direct appeal in *United States v. Barnes,* 49 F.3d 1144 (6th Cir.1995). Barnes's first 28 U.S.C. § 2255 motion to vacate sentence was denied by the district court in 1996, and Barnes did not appeal.

In May 2002, Barnes moved this court for leave to file a second or successive § 2255 motion, asserting claims under *Bailey v. United States,* 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), and *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). This

court transferred Barnes's *Bailey* claim to the district court for consideration, but denied the request as to the *Apprendi* claim. *See In re Barnes,* No. 02–5648 (6th Cir. Oct. 31, 2002). The district court dismissed the motion as time-barred. On appeal, this court agreed and also concluded that Barnes's *Bailey* claim lacked merit. *See Barnes v. United States,* 102 Fed. Appx. 441 (6th Cir.2004) (unpublished).

While Barnes's § 2255 appeal was pending, Barnes filed the instant § 2241 petition in the district court. Barnes again asserted that his firearm conviction was in violation of *Bailey* because the government failed to prove that he had used a firearm during a drug-trafficking offense. The district court dismissed Barnes's petition on the ground that Barnes had been convicted under the "carry" prong of § 924(c).

In his timely appeal, Barnes essentially reasserts his *Bailey* claim.

Upon de novo review, *see Charles v. Chandler,* 180 F.3d 753, 755 (6th Cir.1999), we conclude that the district court's judgment must be affirmed for reasons other than those stated by the district court. *See Loftis v. United Parcel Serv.,* 342 F.3d 509, 514 (6th Cir.2003).

Barnes is not entitled to relief under § 2241. If a petitioner seeks to challenge the execution of his sentence, he may file a § 2241 petition in the district court having jurisdiction over his custodian. *United States v. Peterman,* 249 F.3d 458, 461 (6th Cir.2001). But where a federal prisoner seeks to challenge the imposition of his sentence, on grounds that the sentence was imposed "in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack," he generally must file a § 2255 motion to vacate, set aside, or correct sentence in the sentencing court. *See* 28 U.S.C. § 2255; *Charles,* 180 F.3d at 755–56; *Capaldi v. Pontesso,* 135 F.3d 1122, 1123 (6th Cir.1998). A federal prisoner may not challenge his conviction and sentence under § 2241, "if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255 (last clause in fifth paragraph, the "savings clause"); *Charles,* 180 F.3d at 755–56; *Capaldi,* 135 F.3d at 1123.

Barnes has failed to show that his § 2255 remedy is inadequate or ineffective. A prisoner's remedy under § 2255 is not inadequate or ineffective merely because the prisoner is time-barred or otherwise procedurally barred from seeking relief under § 2255, because the prisoner has already filed one motion to vacate, or because the prisoner has been denied permission to file a second or successive motion to vacate. *Peterman,* 249 F.3d at 461. Furthermore, unlike other prisoners who have obtained review of their viable innocence claims under § 2241 because they did not have a prior opportunity to present their claims, *see, e.g., In re Davenport,* 147 F.3d 605, 609, 611 (7th Cir.1998), Barnes had the opportunity to raise his claim in his second § 2255 motion to vacate and did so.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.