*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 04a0354p.06

# UNITED STATES COURTS OF APPEALS

## FOR THE SIXTH CIRCUIT

JOAQUIN OSPINA,

        *Petitioner-Appellant,*

    *v.*

UNITED STATES OF AMERICA,

        *Respondent-Appellee.*

No. 03-4035

Appeal from the United States District Court
for the Southern District of Ohio at Columbus.
No. 02-00454—James L. Graham, District Judge.

Submitted: September 17, 2004

Decided and Filed: October 19, 2004

Before: KENNEDY and COOK, Circuit Judges; HOOD, District Judge.[*]

---

## COUNSEL

**ON BRIEF:** Victor D. Merullo, MERULLO, REISTER & SWINFORD, Columbus, Ohio, for Appellant. Gary L. Spartis, UNITED STATES ATTORNEY, Columbus, Ohio, for Appellee.

---

## OPINION

---

KENNEDY, Circuit Judge. Petitioner Joaquin Ospina appeals the district court's determination that he was "in custody" during his state incarceration for the purposes of 28 U.S.C. § 2255 thereby barring his action due to § 2255's one-year statute of limitations. We **AFFIRM** the district court's decision.

### BACKGROUND

Petitioner Joaquin Ospina plead guilty to one count of carrying a firearm during a drug-trafficking offense, in violation of 18 U.S.C. § 924(c), on October 15, 1992. On February 5, 1993, the district court sentenced Ospina to five years confinement to be served consecutively to his state sentence. Ospina remained in the custody of the State of Ohio until May 8, 2001 at which time he began serving his five-year federal sentence.

---

[*] The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

On May 7, 2002, Ospina filed a § 2255 motion alleging that he was innocent of the crime to which he plead guilty because of the subsequent decisions of the Supreme Court in *Bailey v. United States*, 516 U.S. 137 (1995), *Bousley v. United States*, 523 U.S. 614 (1998), and the Sixth Circuit's decision in *Pryor v. United States*, 278 F.3d 612 (6th Cir. 2002). In *Bailey*, the Supreme Court determined that one must actively use a firearm to be convicted of a violation of 18 U.S.C. § 924(c). *Bailey*, 516 U.S. at 143-44. In *Bousley*, the Court made its holding in *Bailey* retroactive. *Bousley*, 523 U.S. at 624. In *Pryor*, the Sixth Circuit gave prisoners convicted of § 924(c) until May 19, 1999 to file a motion pursuant to 28 U.S.C. § 2255(3) attacking their convictions. *Pryor*, 278 F.3d at 616.

The United States opposed Ospina's motion on the grounds that the statute of limitations for bringing such a motion had expired. The United States based its argument on this court's decision in *Ward v. Knoblock*, 738 F.2d 134, 139-140 (6th Cir. 1984), arguing that the *Ward* decision extended "in custody" status to Ospina for the purposes of §2255 during his state incarceration. Because he was in custody, and because *Pryor* gave prisoners only until May 19, 1999 under § 2255's statute of limitations, the United States argued that Ospina's action was time-barred.[1]

In *Ward*, petitioner Herron sought to review his consecutive federal sentence under § 2255 prior to beginning his federal sentence but while he was serving a state sentence. *Id.* at 134. This court, relying on and extending *Peyton v. Rowe*, 391 U.S. 54 (1968), determined that state prisoners could be considered in custody for the purpose of § 2255 actions in addition to the § 2241(c)(3) actions that the Supreme Court dealt with in *Peyton*. *Id.* at 139. Given that Herron was in custody for the purposes of § 2255, this court determined that his petition could move forward. *Id.* at 140.

On April 24, 2003, the magistrate judge issued a Report and Recommendation which recommended that the district court dismiss Ospina's motion as untimely. The district court adopted the magistrate's Report and Recommendation. The district court then granted petitioner's request for a certificate of appealability on the issue of whether Ospina's petition was barred by § 2255's one-year statute of limitations. This appeal followed.

## ANALYSIS

Section 2255 allows prisoners to petition their sentencing court to correct or invalidate sentences imposed upon them provided that they are "in custody under a sentence of a court established by Act of Congress" and provided that they make their petitions prior to the expiration of a one-year statute of limitations. 28 U.S.C. § 2255. A prisoner is in custody for the purposes of § 2255 when he is incarcerated in either federal or state prison, provided that a federal court has sentenced him. *Ward*, 738 F.2d at 138 (relying on *Peyton* which rejected the so-called "prematurity doctrine" and held that a prisoner could assert a § 2241(c)(3) habeas claim regarding a sentence to be served in the future); *Simmons v. United States*, 437 F.2d 156, 159 (5th Cir. 1971) ("We agree with the First and Eighth Circuits' construction of section 2255 and therefore join them in holding that 28 U.S.C. § 2255 is available to a prisoner in state custody attacking a federal sentence scheduled to be served in the future."); *Jackson v. United States*, 423 F.2d 1146, 1149 (8th Cir. 1970); *Desmond v. United States Bd. of Parole*, 397 F.2d 386, 389 (1st Cir. 1968) ("To be sure, defendant is not physically 'in custody under sentence of a court established by Act of Congress', but if custody is to be construed as single and continuous, we may join the courts as well. There is just as much

---

[1] § 2255's one-year statute of limitations runs: "from the latest of – (1) the date on which the judgment of the conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255. In this case, the third time period is the one on which petitioner must base his action.

reason to resolve the legality of resumed incarceration under an existing sentence before such resumption occurs as to resolve the legality of continued incarceration under a consecutive sentence yet to commence.").

Petitioner argues that *Ward* contravenes the plain meaning of § 2255's "in custody under a sentence of a court established by Act of Congress" requirement, and that such language can only mean that § 2255 applies solely to prisoners in federal institutions. Petitioner attempts to explain *Ward's* "pretzel logic" (Pet. Br. p. 17) by arguing that *Ward's* goal was to expand, not limit, access to federal courts in § 2255 actions. Although petitioner may be correct that this court's intention (as well as the intentions of other circuits' that addressed similar issues to the one this court addressed in *Ward*) was to increase access to federal courts, the Anti-Terrorism and Effective Death Penalty Act's addition of the one-year statute of limitations to § 2255 requires a more stringent result. If we are to give effect to this statute of limitations, and if we are to harmonize it with our result in *Ward*, we must *reaffirm Ward's* understanding of "in custody" in the context of this case. We choose to do so here.

Petitioner further agues that though *Ward* permits state prisoners to pursue § 2255 relief during their state incarcerations with respect to their consecutive federal sentences, we should not read *Ward* as requiring prisoners (by virtue of § 2255's statute of limitations) to pursue § 2255 relief while they are in state prison. Rather, petitioner would have us read *Ward* as merely permitting a state prisoner to use § 2255 if they so choose.

We cannot read *Ward* or § 2255 in such a manner. If a prisoner is in custody and can, therefore, avail himself of § 2255 relief, and if § 2255 requires prisoners to use said relief before a statute of limitations runs, then the statute of limitations should begin to run from the moment that the prisoner can use § 2255. In other words, if petitioner may use § 2255 while he is in state prison, he must do so then to prevent the statute of limitations from barring his action.

In this case, then, the petitioner was in custody, for § 2255 purposes, after his federal sentencing and when he was incarcerated by the State of Ohio. Under *Pryor*, petitioner had until May 19, 1999 to file his § 2255 action. Because petitioner failed to file his action until May 7, 2002, his action is time-barred.

## CONCLUSION

The judgment of the district court is **AFFIRMED**.