FILED
**United States Court of Appeals
Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**January 9, 2009**

**TENTH CIRCUIT**

**Elisabeth A. Shumaker
Clerk of Court**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

WILLIAM SCOTT SOURS,

        Defendant - Appellant.

No. 08-5136
(D.C. Nos. 4:05-CV-00742-TCK-SAJ and
4:97-CR-00114-TCK-1)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **KELLY**, and **McCONNELL**, Circuit Judges.

After examining the briefs and the appellate record, this three-judge panel has

determined unanimously that oral argument would not be of material assistance in the

determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The

case is therefore ordered submitted without oral argument.

The Defendant-Appellant, William Sours, appeals from the district court's denial

of his motion to set aside a judgment pursuant to Rule 60(b) of the Federal Rules of Civil

Procedure. Mr. Sours asked the district court to set aside its previous judgment that his

application for relief under 28 U.S.C. § 2255 was time-barred. We take jurisdiction under

---

[*]This order and judgment is not binding precedent except under the doctrines of
law of the case, res judicata and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

28 U.S.C. § 1291, and because this case does not present extraordinary circumstances we AFFIRM the district court's denial of Mr. Sours's motion.

## I. BACKGROUND

The history of this appeal presents a bit of a quagmire. Mr. Sours was convicted in 1998 of one count of robbery involving controlled substances and assault through use of a dangerous weapon. *See* 18 U.S.C. § 2118(a) and (c). He was sentenced to ninety-six months' imprisonment. That sentence was to "run consecutively to any other previously imposed sentence." At the time, Mr. Sours was in state custody in Missouri serving a sentence for state-law crimes.

In December 2005, after he had served his state sentence and was in federal custody, Mr. Sours filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in federal district court. After receiving notice that his petition would be recharacterized under § 2255, Mr. Sours filed an amended petition in June 2006. In it, he claimed he was entitled to a shorter sentence because his sentence was based in part on an enhancement for committing the crimes while on escape. In August 2001, however, the state of Oklahoma dismissed the escape charge. Mr. Sours claimed he was entitled to re-sentencing based on the dismissal of that charge.

The district court dismissed Mr. Sours's § 2255 petition as untimely. Mr. Sours did not appeal that decision. Nearly two years later, Mr. Sours filed a motion with this court, requesting authorization to file a second § 2255 petition to vacate, set aside, or correct his sentence. His motion was based on the same argument, that his original

federal sentence was improperly enhanced. We denied that motion, stating that his claim

was based on neither new evidence nor new constitutional law. *See* 28 U.S.C. §

2255(h)(1)–(2).

Mr. Sours then filed a motion under Rule 60(b) of the Federal Rules of Civil

Procedure to set aside the district court's dismissal of his § 2255 petition. The district

court denied that motion, and Mr. Sours filed a notice of appeal in the district court. It is

not clear from the record why Mr. Sours filed an appeal with the district court rather than

with this court. In any event, the district court entered a second order, this time denying

Mr. Sours a certificate of appealability. Mr. Sours subsequently filed a petition for a

certificate of appealability in this court.

## II. DISCUSSION

Before addressing the merits, we first note Mr. Sours does not need a certificate of

appealability to appeal the denial of a motion under Rule 60(b). *See Butler v.

Kempthorne*, 532 F.3d 1108, 1110 (10th Cir. 2008) (allowing for direct appeal from the

denial of a Rule 60 motion); 28 U.S.C. § 2253(c)(1) (requiring a certificate of

appealability to appeal from final orders in habeas proceedings). Thus, it is not clear

from the record why the district court considered the issue.[1] However, because we

construe pro se pleadings liberally, *see Hall v. Belmon*, 935 F.2d 1106, 1110 (10th Cir.

1991), and additionally for the sake of clarity, we consider Mr. Sours's filing in this court

---

[1]The confusion likely stems from Mr. Sours's filing a notice of appeal in the district court, and from the fact that Mr. Sours's Rule 60(b) motion related to the previous denial of his petition for habeas relief.

as simply an appeal of the district court's denial of his Rule 60(b) motion.

We review the denial of a Rule 60(b) motion for abuse of discretion, "keeping in mind that Rule 60(b) relief is extraordinary and may be granted only in exceptional circumstances." *Butler*, 532 F.3d at 1110 (quotations omitted). Rule 60(b) presents six possible reasons for relieving a party from judgment. Claims related to the first three grounds must be filed within a year of the judgment. Fed. R. Civ. P. 60(c)(1). Those grounds therefore cannot not apply to Mr. Sours, who filed his Rule 60(b) motion in 2008, attempting to set aside a 2006 judgment. Grounds (4) and (5) require that the judgment have been void or discharged. Fed. R. Civ. P. 60(b)(4)–(5). Those sections also do not apply. Thus, Mr. Sours's only possible avenue for Rule 60(b) relief is ground (6), which applies to "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). A motion for relief under that provision must be filed within a "reasonable time." Fed. R. Civ. P. 60(c)(1).

It is doubtful that Mr. Sours filed his motion within a reasonable time, but the timing of his motion need not be the dispositive issue. Mr. Sours has not offered any exceptional circumstances that would justify relief under Rule 60(b) as our standard requires.

Mr. Sours filed his first habeas petition in December 2005, several years after his federal conviction became final in 1999. Section 2255 contains a one-year statute of limitations, which usually begins running at the date on which the defendant's conviction becomes final. 28 U.S.C. § 2255(f)(1). In his amended petition under § 2255—which led

- 4 -

to the judgment Mr. Sours now seeks to set aside—Mr. Sours made two arguments for tolling the statute of limitations so that the district court could reach the merits. First, he argued that he did not learn of the grounds for his petition until after the escape charges against him were dismissed. Section 2255 includes grounds for tolling until "the date on which the fact supporting the claim or claims presented could have been discovered through the exercise of due diligence." *Id.* § 2255(f)(4). However, as the district court noted, Mr. Sours admitted to learning that the escape charge had been dropped by April 2003. *United States v. Sours*, 2006 WL 3337477, at *2 (N.D. Okla. Nov. 16, 2006). Thus, the statute of limitations period could only have been extended until April 2004, at the latest, on that basis.

Mr. Sours also argued then—and argues now—that he could only have filed the petition while he was in federal custody, and therefore the statute of limitations should not have begun running until he entered federal prison in December 2004. The district court held, however, that prisoners in state custody are eligible to file § 2255 petitions, and therefore the fact that Mr. Sours was initially in state prison had no impact on the running of the statute of limitations. *Id.* at *3. The district court cited Sixth Circuit authority for its ruling. *Id.* (citing *Ospina v. United States*, 386 F.3d 750, 752–53 (6th Cir. 2004)).

While there appears to be no Tenth Circuit authority on point for the issue in question, there is nothing exceptional about the district court relying on the best available authority from the Court of Appeals. In addition, Mr. Sours has not cited any contrary

authority from another circuit.[2]  Mr. Sours, therefore, has not demonstrated that the original ruling was incorrect, much less that it presents the type of exceptional circumstances required for a district court to disturb its final judgment.  *See Butler*, 532 F.3d at 1110.

### III.  CONCLUSION

Because Mr. Sours has failed to demonstrate that exceptional circumstances warrant relief under Rule 60(b), we AFFIRM the district court's denial of his motion.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge

---

[2]We again note that Mr. Sours did not appeal the district court's dismissal of his petition.