**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3941
_____

ROBERT LEE PERRY,
                                              Appellant

v.

WARDEN FORT DIX FCI
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1-14-cv-01243)
District Judge:  Honorable Robert B. Kugler
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 10, 2015

Before:  AMBRO, VANASKIE and SLOVITER, Circuit Judges

(Opinion filed: April 10, 2015)
_____

OPINION[*]
_____

PER CURIAM

    Robert Lee Perry is a federal prisoner serving a sentence imposed by the United

States District Court for the Middle District of North Carolina.  He is currently

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

incarcerated within the District of New Jersey, and he has a projected release date of January 13, 2016. Perry was in North Carolina state custody when his federal sentencing court imposed his federal sentence on January 5, 2006, and he remained in state custody until completing his state sentence and being released into federal custody to begin serving his federal sentence on April 28, 2007. Perry's federal criminal judgment specifies that his federal sentence "shall run consecutively to the state court sentence the defendant is currently serving." (ECF No. 8-6 at 19.) Thus, the Federal Bureau of Prisons ("BOP") has not credited against Perry's federal sentence the time he spent in state custody after receiving that federal sentence.

In 2011, Perry filed a petition under 28 U.S.C. § 2241 in the United States District Court for the District of South Carolina (where he was then confined) and argued that the BOP was required to credit him for that time. The court rejected his argument and dismissed his petition on the merits. See Perry v. Owens, No. 1:11-328-CMC-SVH, 2011 WL 2149538, at *1 (D.S.C. June 1, 2011) (adopting Magistrate Judge's recommendation at Perry v. Owens, No. 1:11-328-CMC-SVH, 2011 WL 2144783 (D.S.C. Apr. 25, 2011)). It appears that Perry did not appeal.

In 2013, Perry filed a motion with his sentencing court again, arguing that his state and federal sentences should be concurrent rather than consecutive and that his sentencing court should correct that putative "clerical error" under Fed. R. Crim. P. 36. The sentencing court denied the motion after reminding Perry that it had specifically

2

addressed the issue at sentencing and determined that the sentences should be consecutive. (ECF No. 8-6 at 29.)

Finally, in 2014, and after being transferred to a facility within the District of New Jersey, Perry filed pro se the § 2241 petition at issue here. Perry again argued that the BOP is required to credit his time in state custody against his federal sentence. He also argued that (1) his federal conviction is unlawful because the Government impermissibly "borrowed" him from the state during his federal prosecution in alleged violation of the "anti-shuttling" provision of the Interstate Agreement on Detainers ("IAD"), and (2) the consecutive nature of his sentence is unlawful under U.S.S.G. § 5G1.3.

The District Court concluded that Perry's petition constitutes an abuse of the writ as to the issue of sentencing credit because Perry raised it in his previous § 2241 petition and that Perry's argument lacks merit in any event. The District Court further concluded that it lacks jurisdiction over Perry's challenges to his conviction and sentence, and that Perry must raise those challenges in his sentencing court, because a motion under 28 U.S.C. § 2255 is not inadequate or ineffective under the narrow exception we recognized in In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997). The District Court denied Perry's petition for these reasons, and Perry appeals. He does not require a certificate of appealability to appeal the denial of his § 2241 petition, see Vasquez v. Strada, 684 F.3d 431, 433 (3d Cir. 2012) (per curiam), and we thus have jurisdiction under 28 U.S.C. §§ 1291 and 2253.

3

We will affirm for the reasons thoroughly and adequately explained by the District Court. Perry does not directly challenge the District Court's actual rulings in his opening brief and instead raises arguments relating to a § 2255 motion that he filed in his sentencing court in 2008. The sentencing court denied the motion as untimely and, in doing so, rejected Perry's argument that he was entitled to equitable tolling by reason of the difficulties he faced in filing a § 2255 motion while still in state custody. (M.D.N.C. Crim. No. 1-05-cr-00149-002, ECF Nos. 158 & 162.) The Fourth Circuit denied a certificate of appealability. See United States v. Perry, 300 F. App'x 242, 243 (4th Cir. 2008). Perry now argues that, if the federal § 2255 statute of limitations was running while he was still in state custody, then his federal sentence must have been running as well. It does not appear that Perry raised this precise argument in his prior § 2241 petition, but he clearly could have done so and his current § 2241 petition remains an abuse of the writ to that extent. See Queen v. Miner, 530 F.3d 253, 255 (3d Cir. 2008).

The argument also lacks merit. The § 2255 statute of limitations, as relevant here, begins running from "the date on which the [federal] judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). Since the decision in Peyton v. Rowe, 391 U.S. 54 (1968), courts have uniformly held that petitioners still in state custody who have yet to begin serving a consecutive federal sentence may nevertheless challenge that federal sentence and thus are subject to the § 2255 statute of limitations. See, e.g., Ospina v. United States, 386 F.3d 750, 752 (6th Cir. 2004) (collecting cases). These decisions hold that state prisoners in that situation are deemed to be in federal custody for purposes of

4

the "in custody" requirement of § 2255(a).  See id.  But none of these decisions suggests that being "in custody" for purposes of challenging a federal sentence has any relevance to the calculation of that sentence, and it does not.  For purposes of calculating a federal sentence, "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served."  18 U.S.C. § 3585(a).  Thus, the fact that the § 2255 statute of limitations began running before Perry began serving his federal sentence has no bearing on the calculation of that sentence.   Perry also argues that he is entitled to equitable tolling for his § 2255 motion and should have the benefit of the alternative commencement date set forth in § 2255(f)(2), but those were arguments to make in his sentencing court.  The arguments that Perry improperly raises for the first time in his reply brief lack merit as well.[1]

For the foregoing reasons, we will affirm the judgment of the District Court.

---

[1] Perry argues, for example, that an unspecified amendment to U.S.S.G. § 5G1.3 requires that his federal sentence be concurrent with his state sentence and constitutes the kind of change in the law that permitted resort to § 2241 in Dorsainvil.  Perry is mistaken. Dorsainvil created a narrow exception permitting resort to § 2241 when a defendant's statute of conviction was later interpreted in a way that rendered his conduct non-criminal and the defendant had no prior opportunity to raise that issue.  See Dorsainvil, 119 F.3d at 251; see also United States v. Tyler, 732 F.3d 241, 246-47 (3d Cir. 2013) (applying Dorsainvil).  Perry's argument regarding application of the Sentencing Guidelines does not fall within that category.  Cf. Okereke v. United States, 307 F.3d 117, 120-21 (3d Cir. 2002) (holding that a claim of sentencing error under Apprendi v. New Jersey, 530 U.S. 466 (2000), did not fit within Dorsainvil because Apprendi did not render the petitioner's conduct non-criminal).